SLIP OPINION

Cite as 2016 Ark. 211

# SUPREME COURT OF ARKANSAS

No. CR–15–927

| | |
|---|---|
| DION DASHONNE ROBINSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered May 19, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR 12-3591]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

Dion Dashonne Robinson is in the custody of the Arkansas Department of Correction after he pleaded guilty to four counts of aggravated robbery, four counts of theft of property, and one misdemeanor count of possession of a controlled substance. The circuit court sentenced Robinson to a twenty-year sentence in the Arkansas Department of Correction for each of the eight felonies, plus a one-year jail term for the possession charge. All of the sentences were set to run concurrently. Robinson appeals from the denial of his petition for post–conviction relief filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. He argues that the circuit court erred in not granting a hearing on his petition. We affirm the circuit court's summary denial of Robinson's petition.

Robinson was charged by information with committing four counts of aggravated robbery, four counts of felony theft of property, and one count of misdemeanor possession of marijuana. At a February 28, 2013 status hearing, Robinson appeared with counsel, Jimmy Morris. The State offered a sentence recommendation in exchange for a guilty plea.

SLIP OPINION

Although the terms of the offer were not announced, Robinson stated on the record that he was advised by counsel and understood the offer. Nonetheless, the record establishes that Robinson rejected the State's offer. The State then announced that the plea offer was being withdrawn. The information was subsequently amended to include a firearm enhancement.

On June 5, 2014, Robinson again appeared with his trial counsel. The State again tendered a plea deal, offering Robinson eight concurrent twenty-year sentences with no firearm enhancement. This time Robinson accepted the offer and entered his guilty plea. The sentencing order was entered on June 16, 2014. Robinson timely filed a petition for postconviction relief on September 11, 2014. In his petition, Robinson alleged two grounds:

> (1) Defense Counsel was constitutionally ineffective for not properly representing the defendant during plea negotiations. Defense Counsel should have properly informed the defendant that, upon the defendant's rejection of an offer made by the State, the State intended for all future offers to involve stricter punishment terms.
>
> (2) Defense Counsel was constitutionally ineffective for not properly representing the defendant during plea negotiations. Defense Counsel should have conducted additional plea negotiations with the prosecutor as directed by the defendant.

The factual underpinning of Robinson's second issue involves an accusation that his trial counsel's failure to offer to exchange information about alleged accomplices for a lighter sentence.

The State responded that Robinson's petition failed to state facts sufficient to even warrant holding an evidentiary hearing. It asserted that Robinson's contention that he was initially offered a sentence recommendation of only ten years is a "lie." Further, the State argued that Robinson's trial counsel was not ineffective because he failed to anticipate that

SLIP OPINION

the State would amend the information some thirteen months later to include a firearm enhancement. It likewise rejected Robinson's contention that his trial counsel could have offered to trade information regarding accomplices for a more favorable sentence recommendation, because the State had no interest in whatever Robinson had to say about the subject. Finally, the State contended that Robinson showed no prejudice because he was allowed to accept the only sentence offer it had made: eight concurrent twenty-year sentences in the Arkansas Department of Correction.

The circuit court denied Robinson's petition without a hearing. Citing *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1, the circuit court stated that for the case of a petitioner who had entered a guilty plea to have a claim cognizable under Rule 37, he was required to demonstrate a reasonable probability that, but for counsel's errors, he would not have entered the plea and would have insisted on going to trial. The circuit court concluded that the petition and the files and record of the case conclusively showed that Robinson was entitled to no relief. It further found that "Petitioner has failed to show any error made by counsel, any prejudice created by counsel's conduct, or any insistence on going to trial at any time." Robinson timely appealed from this order.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. *Id.* In making a determination on a claim of ineffective assistance of counsel,

this court considers the totality of the evidence. *Id.* Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984): that the performance of petitioner's counsel was deficient, that is, made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, and the petitioner was prejudiced by counsel's performance. *Id.* As noted previously, when the *Strickland* ineffectiveness test is applied to situations involving the entry of a guilty plea, the question is whether but for counsel's unprofessional errors, is there a reasonable probability that the petitioner would not have pleaded guilty and would have insisted on going to trial. *Scott v. State*, *supra.*

In discussing the *Strickland* standard, with respect to allegations of ineffective assistance of counsel when a guilty plea has been entered, the Court noted that "the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*."[1] The *Tollett* Court, however, identified a significantly different focus in the prejudice prong—"whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

---

[1] *Tollett v. Henderson*, 411 U.S. 258 (1973) (counsel's advice to plead guilty must fall outside the range of competence demanded of attorneys in criminal cases).

SLIP OPINION

Summary disposition of petitions for postconviction relief is governed by Rule 37.3(a) of the Arkansas Rules of Criminal Procedure: "(a) If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings."

On appeal, Robinson argues that the circuit court erred by not conducting an evidentiary hearing. He argues that his trial counsel was ineffective because he failed to advise him of the implications of rejecting a ten-year plea offer and failing to offer information about accomplices in exchange for a more favorable plea offer. Robinson notes that Rule 37.3(a) requires an evidentiary hearing unless the files and records of the case conclusively show that the petitioner is not entitled to relief. He asserts that there is a disputed issue as to whether the State made a ten-year-sentencing offer and how this offer was relayed to him by trial counsel. There is likewise a dispute regarding the bargaining value of accomplice information that he could have provided. Accordingly, Robinson argues, the disposition of this case without an evidentiary hearing was not appropriate.

Robinson has failed to allege sufficient facts that, even if true, would make a prima facie case of showing that his trial counsel's performance was deficient. The record demonstrates that Robinson was informed of the State's initial sentencing offer by his trial counsel, and it was Robinson's decision to reject it. His trial counsel was not ineffective because he failed to predict the substance of a future sentencing offer by the State—if one was offered. The Constitution guarantees only that his counsel be competent, not

omniscient.

Robinson also fails to alleged that, but for his counsel's error, he intended to go to trial. He was charged with four class Y felonies, four class B felonies, and a firearm enhancement for each count. His allegations concerned only the length of the sentence recommendation, not his foregoing his right to a trial. Accordingly, Robinson's petition does not demonstrate that he is entitled to postconviction relief. *See Scott v. State*, *supra*. Finally, there is no indication that the State had any interest in whether there might have been accomplices to Robinson's crimes. Accordingly, we hold that Robinson's argument that his trial counsel should have used that information as a bargaining chip for a better sentencing recommendation does not establish that his trial counsel's performance was deficient. Because Robinson has failed to allege facts sufficient for us to hold that his trial counsel's performance was deficient or state "but for" the alleged deficiency he would have sought a jury trial, we find no error in the circuit court's summary denial of Robinson's petition for postconviction relief.

Affirmed.

*Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.