Cite as 2016 Ark. 228

# SUPREME COURT OF ARKANSAS.

**No.** CR–16–77

| | |
|---|---|
| ANTHONY LAMONT RANDLE<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** May 26, 2016<br><br>APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION, AND, ALTERNATIVELY, MOTION FOR EXTENSION OF BRIEF TIME [PULASKI COUNTY CIRCUIT COURT NO. 60CR-06-2589]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br><u>MOTION GRANTED IN PART AND MOOT IN PART; APPEAL DISMISSED</u>. |

**PER CURIAM**

Appellant Anthony Lamont Randle was found guilty, after a jury trial, of capital murder in the death of Ranson Harrison, for which he was sentenced to life imprisonment without parole. Randle appealed, and this court affirmed his conviction and sentence. *Randle v. State*, 372 Ark. 246, 273 S.W.3d 482 (2008). Randle filed a timely petition under Arkansas Rule of Criminal Procedure 37.1 (2008); however, the petition was not verified. On October 2, 2015, the trial court denied relief, and Randle lodged an appeal from that denial. The appellee State now seeks that the appeal be dismissed, claiming lack of jurisdiction and, alternatively, seeking an extension of brief time.

In its motion, the State argues that Randle's Rule 37.1 petition was not verified, which requires dismissal of the appeal pursuant to Rule 37.1(d). The State additionally

contends that Randle's claim on appeal arose out of a pleading he filed below challenging the State's response to his Rule 37.1 petition. Because he had not sought leave to amend, Randle's responsive pleading could not be considered an amended Rule 37.1 petition. Consequently, the State contends that appellate review of the claim is precluded because it is raised for the first time on appeal. We agree with the State's claims regarding dismissal of Randle's appeal.

In his petition for Rule 37.1 relief, Randle argued three claims as follows: his counsel was ineffective for failing to present the fact that the State's chief witness, Gloria Cole, was intoxicated from the use of crack cocaine at the time of the crime and while she was testifying during trial; trial counsel was ineffective for failing to establish the lack of proof of premeditation and deliberation supporting the capital-murder conviction; and trial counsel was ineffective for failing to object to erroneous jury instructions, in that the State failed to prove any underlying felony or premeditation or deliberation, for failing to include a lesser-included felony instruction for second-degree murder, and for failing to file a motion in limine to exclude Cole's testimony. On appeal, Randle's sole claim encompasses the claim raised in his reply to the State's response that his trial counsel was ineffective for failing to appeal the trial court's ruling granting the State's motion in limine precluding evidence that the victim had an illegal substance in his body.

This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Ransom v. State*, 2009 Ark. 215 (per curiam). Here, Randle failed to verify the petition he filed as required by Rule 37.1(c). *See, e.g.*, *Ranson*, 2009 Ark. 215, at 1 (appellant's failure

SLIP OPINION

SLIP OPINION

to verify the Rule 37 petition precluded the trial court from considering the petition).

"Effective March 1, 2006, Rule 37.1 was amended to more clearly require that a Rule 37.1 petition be verified." *Id.* That amendment also required that a form affidavit be attached to the petition, which Randle did not attach to his petition. To complete this form, the affiant swears that he has read the petition and that the facts stated in the petition are true, correct, and complete to the best of the petitioner's knowledge and belief. *Ward v. State*, 2015 Ark. 62, 455 S.W.3d 830, *reh'g denied* (Apr. 9, 2015), *cert. denied*, 136 S. Ct. 485 (2015). Pursuant to Rule 37.1(c), the petitioner's affidavit must be executed before a notary or other officer authorized by law to administer oaths, in substantially the following form:

### AFFIDAVIT

The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.

_____
Petitioner's signature

Subscribed and sworn to before me the undersigned officer this ____ day of _____, 20____.

_____
Notary or other officer

"This court has held that the verification requirement for a postconviction relief petition 'is of substantive importance to prevent perjury.'" *Id.* at 3, 455 S.W.3d at 832 (quoting *Boyle v. State*, 362 Ark. 248, 250, 208 S.W.3d 134, 136 (2005)). Because Randle's Rule 37.1

petition was not properly verified, the State's motion to dismiss is granted.[1]  *See* Ark. R. Crim. P. 37.1(d) ("The circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule."); *Ransom*, 2009 Ark. 215; *see also Croft v. State*, 2010 Ark. 83 (per curiam) (A petition under the rule not verified in accordance with Rule 37.1(c) is subject to dismissal.).

Furthermore, in addition to its claim that the Rule 37.1 petition was not verified, the State's claim that Randle's sole argument on appeal is not properly before this court serves as additional grounds for dismissal of Randle's appeal.  On appeal, Randle contends that trial counsel was ineffective for failing to appeal the State's motion in limine because he was not able to present evidence that he was attacked by a "madman on drugs" or to show that the victim and the State's chief witness acted in concert while smoking crack cocaine.[2]  Under Rule 37.2(e), a Rule 37.1 petition may be amended only with leave of court. Otherwise, "[a]ll grounds for relief available to a petitioner under this rule must be raised in

---

[1]In the unique case involving a defendant sentenced to death, we have remanded, rather than summarily affirming the denial of postconviction relief or dismissing the appeal, so that the defendant can verify his petition and supplement the record with the verified petition.  *See Howard v. State,* 366 Ark. 453, 236 S.W.3d 508 (2006).

[2] On direct appeal, this court addressed Randle's argument that the trial court's ruling on the State's motion in limine denied him a fair trial.  Although he argued a general denial during trial, on appeal, Randle argued more specifically that the victim was killed by a drug dealer to whom the victim owed money and that the presence of cocaine in the victim's body would have shed light on a similar intoxication by Cole, who Randle claimed fabricated her testimony.  *Randle*, 372 Ark. 246, 273 S.W.3d 482.  We did not address Randle's arguments on direct appeal because they were raised for the first time on appeal. *Id.* at 250-51, 273 S.W.3d at 485–86.

his or her original petition unless the petition was denied without prejudice." Ark. R. Crim. P. 37.2(b). The failure to comply with Rule 37.1(b) is not a jurisdictional defect, and the trial court may rule on a petition that does not conform to the Rule. *See Smith v. State*, 2015 Ark. 23, 454 S.W.3d 219 (per curiam).

Here, the trial court noted in its order denying postconviction relief that Randle did not raise the issue of the alleged prejudicial error regarding an appeal of the State's motion in limine in his original Rule 37.1 petition but rather raised it only as a part of his reply to the State's response. Because Randall had not asked permission to amend the original petition, the trial court refused to consider the argument raised in a responsive pleading. There is no mention by Randle or any documentation that can be found in the record that evinces Randle's attempt to seek leave to file an amended Rule 37.1 petition. Because Randle failed to file a verified Rule 37.1 petition and failed to seek permission to file a properly verified amended petition, the claim raised in his reply to the State's response will not be reached on appeal. *See Butler v. State*, 367 Ark. 318, 239 S.W.3d 514 (2006). As such, the State is correct in its assertion that Randle's sole argument on appeal was not considered below by the trial court and is raised for the first time on appeal. This court will not consider new matters not raised in the Rule 37.1 petition for first time on appeal. *See Frazier v. State*, 2016 Ark. 55 (per curiam).

Moreover, even had the reply to the State's response been treated as an amended Rule 37.1 petition, as stated, it also lacked a verification, as did the "original" petition.[3]

---

[3]Although Randle's reply to the State's response, which encompasses this claim, is in the record, it is not included in his addendum.

Based on the foregoing, the appeal is dismissed. Because we dismiss the appeal, the State's motion for extension of brief time is moot.

Motion granted in part and moot in part; appeal dismissed.