SLIP OPINION

Cite as 2016 Ark. 402

# SUPREME COURT OF ARKANSAS

No. CR–16–714

| | | |
|---|---|---|
| RENE GARCIA | | **Opinion Delivered** November 17, 2016 |
| | APPELLEE | |
| V. | | PRO SE MOTION FOR ENLARGEMENT OF TIME TO FILE APPEAL BRIEF; MOTION TO FILE BELATED APPEAL [APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT, NO. 72CR-12-1865] |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In October 2013, appellant Rene Garcia was convicted of two counts of rape involving a thirteen-year-old girl and was sentenced to an aggregate term of 600 months' imprisonment with 120 months' suspended. His convictions and sentences were affirmed on direct appeal by the Arkansas Court of Appeals. *Garcia v. State*, 2015 Ark. App. 673.

Garcia filed a timely petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2015). He alleged that he had been denied effective assistance of appellate counsel and that the trial court had violated his right to due process by allowing an amendment of the nature and degree of the charges and by excluding a video "proving that the suspect on the video was not the accused standing trial." The trial court denied the petition without conducting an evidentiary hearing, and Garcia filed a timely notice of appeal. Now pending before this court is Garcia's motion for an extension of time

to file his brief, and a second motion styled "Motion to File a Belated Appeal," which requests permission to file a belated brief.

When it is clear from the record that the appellant cannot prevail on appeal of an order that denied postconviction relief, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam). As it can be determined from the record that Garcia could not prevail, the appeal is dismissed, which renders the motions moot.

Garcia's claims for relief focused on allegations that appellate counsel failed to timely file an appellate brief. However, Garcia could not demonstrate prejudice because, due to the dilatory conduct cited in his Rule 37.1 petition, Garcia's original appellate counsel had been replaced and new appellate counsel was appointed. Garcia's remaining allegations were conclusory and lacked sufficient facts to establish a basis for postconviction relief. *See Henington v. State*, 2012 Ark. 181, at 6, 403 S.W.3d 55, 60 (Conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief.). Moreover, Garcia's conclusory allegations were based on claims of trial-court error which are generally not cognizable in Rule 37.1 proceedings. *See Green v. State*, 2013 Ark. 455, at 9 (per curiam) (Assertions of trial error, even those of constitutional dimension, must be raised at trial and on direct appeal.).

Furthermore, while Garcia filed a timely Rule 37.1 petition, which was signed and notarized, he failed to verify his petition as required by Rule 37.1(c). *Randle v. State*, 2016 Ark. 228, at 2, 493 S.W.3d 309 (per curiam). In 2006, Rule 37.1 was amended to more clearly require that a Rule 37.1 petition be verified. *Id.* That amendment also required that a form affidavit be attached to the petition, which Garcia did not attach to his petition. *Id.*

2

SLIP OPINION

Under Rule 37.1(c)(2015), Garcia was required to complete this form and to swear that he had read the petition and that the facts stated in the petition are true, correct, and complete to the best of the his knowledge and belief. *Randle*, 2016 Ark. 228, at 3, 493 S.W.3d 309, 310. Moreover, the affidavit must be executed before a notary or other officer authorized by law to administer oaths, in substantially the following form:

### AFFIDAVIT

The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.

_____
Petitioner's signature

Subscribed and sworn to before me the undersigned officer this _____ day of _____, 20___.

_____
Notary or other officer

This court has held that the verification requirement for postconviction petitions is of substantive importance to prevent perjury. *Id.* at 3, 493 S.W.3d at 310; *see also Bradley v. State*, 2015 Ark. 144, at 3, 459 S.W.3d 302, 304–05; *Boyle v. State*, 362 Ark. 248, 250, 208 S.W.3d 134, 136 (2005). Accordingly, pursuant to Rule 37.1(d) (2015) "the circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." *Bradley*, 2015 Ark. 144, at 4, 459 S.W.3d at 305. Because Garcia failed to comply with this substantive requirement of Rule 37.1(c), this appeal would be subject to

summary dismissal even if Garcia's Rule 37.1 petition had not consisted of conclusory claims

and allegations that were not cognizable under the Rule.

Appeal dismissed; motions moot.