SLIP OPINION

Cite as 2017 Ark. 76

# SUPREME COURT OF ARKANSAS

No. CR-16-967

| | | |
|---|---|---|
| KEVIN V. BARNES | APPELLANT | **Opinion Delivered** March 2, 2017 |
| V. | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF, FOR APPOINTMENT OF COUNSEL, AND FOR TRANSCRIPT [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-14-3790] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

On January 26, 2016, judgment was entered in the Pulaski County Circuit Court reflecting that appellant Kevin V. Barnes had entered a plea of guilty to four felony offenses in case number 60CR-14-3790. He was sentenced to serve an aggregate term of 240 months' imprisonment.

On April 6, 2016, Barnes filed in the trial court a pro se "belated motion to retract" his plea of guilty on the ground that he had not been afforded effective assistance of counsel. Because claims of ineffective assistance of counsel are raised in Arkansas courts pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016), the trial court properly treated the motion as a petition for postconviction relief pursuant to Rule 37.1.[1] A petition for

---

[1]Effective March 2, 2017, the Arkansas Court of Appeals will assume appellate jurisdiction of all appeals arising from a petitioner's allegation that the petitioner was denied effective assistance of counsel at trial or on direct appeal from a judgment of conviction

postconviction relief mounting a collateral attack on a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to our postconviction rule. *Bailey v. State*, 312 Ark. 180, 182, 848 S.W.2d 391, 392 (per curiam); *see also Millsap v. Kelley*, 2016 Ark. 406, at 2 (per curiam). The trial court held that the motion was without merit and denied relief.

Barnes lodged an appeal from the order in this court. Now before us are Barnes's motions for extension of time to file the appellant's brief, for appointment of counsel, and for a copy of the transcript lodged in this appeal.

We dismiss the appeal because it is evident from the record that Barnes could not succeed on appeal. This court will not permit an appeal from an order that denied a petition for postconviction relief to go forward where it is clear that the appellant could not prevail. *Justus v. State*, 2012 Ark. 91. The motions are rendered moot by the dismissal of the appeal.

While the request for postconviction relief filed by Barnes was timely filed in accordance with Rule 37.2(c), which requires that, when a petitioner entered a plea of guilty, a petition under the Rule must be filed in the trial court within ninety days of the date of entry of judgment, the request for postconviction relief filed by Barnes was not properly verified. For that reason, it was subject to dismissal by the trial court. *Keck v. State*, 2013 Ark. 139, at 5 (per curiam). Barnes could not circumvent the requirement that a

---

except in instances when the death penalty or life imprisonment has been imposed on the petitioner. The Arkansas Court of Appeals will also assume jurisdiction of petitions for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in cases wherein the Rule required the petitioner in cases where the judgment was entered before July 1, 1989, to obtain permission from the appellate court before proceeding in the trial court with a petition under the Rule.

petition for postconviction relief be verified by labeling his petition as a motion to retract his guilty plea. *See Lambert v. State*, 2012 Ark. 310, at 2 (per curiam) (holding that, because the petitioner had already filed a Rule 37.1 petition, he was barred from submitting a subsequent petition under that Rule, and his petition was subject to dismissal on that basis, regardless of the label he placed on it); *see also Livingston v. State*, 2014 Ark. 364, 439 S.W.3d 693 (per curiam) (holding that a petition to correct sentence was properly considered as a petition for postconviction relief pursuant to Rule 37.1 because it challenged a judgment entered on a plea of guilty on grounds cognizable under the Rule).

Even though Barnes's petition was signed and notarized, he failed to abide by the requirements of Rule 37.1(c). *Randle v. State*, 2016 Ark. 228, 493 S.W.3d 309 (per curiam). In 2006, Rule 37.1 was amended to more clearly require that a Rule 37.1 petition be verified. *Id.* That amendment also required that a form affidavit be attached to the petition, which Barnes did not attach to his petition. *Id.* Under Rule 37.1(c), Barnes was required to complete this form and to swear that he had read the petition and that the facts stated in the petition are true, correct, and complete to the best of his knowledge and belief. *Randle*, 2016 Ark. 228, at 3, 493 S.W.3d, at 310. Moreover, the affidavit should have been executed before a notary or other officer authorized by law to administer oaths, in substantially the following terms: The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.

This court has held that the verification requirement for postconviction petitions is of substantive importance to prevent perjury. *Id*. at 3, 493 S.W.3d at 310; *see also Bradley v.*

3

*State*, 2015 Ark. 144, at 3, 459 S.W.3d 302, 304–05; *Boyle v. State*, 362 Ark. 248, 250, 208 S.W.3d 134, 136 (2005). Accordingly, pursuant to Rule 37.1(d) "the circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." *Bradley*, 2015 Ark. 144, at 4, 459 S.W.3d at 305. Because Barnes filed a petition for postconviction relief raising claims of ineffective assistance of counsel, which are allegations for relief from a judgment under Rule 37.1, he was obligated to comply with this substantive requirement of Rule 37.1(c). He failed to meet the requirements of the Rule, rendering his motion to retract his plea and this appeal subject to summary dismissal. *Garcia v. State*, 2016 Ark. 402, at 2–4 (per curiam).

Appeal dismissed; motions moot.