SLIP OPINION

Cite as 2017 Ark. 179

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE AMENDMENT TO RULE 4-7 OF THE RULES OF THE SUPREME COURT AND COURT OF APPEALS OF THE STATE OF ARKANSAS | **Opinion Delivered** May 11, 2017 |

## PER CURIAM

We hereby amend and republish Rule 4-7 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas as set out below. The amendments are effective immediately. At the end of this order, the changes are set out in "line-in, line-out fashion" (new material is underlined; deleted material is lined-through).

**Rule 4-7. Briefs in Postconviction and Certain Civil Appeals Where Appellant is Incarcerated and Proceeding Pro Se**

(a) **Applicability.** This rule shall govern pro se briefs filed by incarcerated persons in appeals of Rule 37.1 postconviction orders and civil appeals from the denial of relief with regard to petitions for writs of habeas corpus, declaratory judgment, mandamus, and other petitions pertaining to the appellant's conviction of a criminal offense and/or incarceration. Except for the provisions contained in this rule, briefs filed by pro se parties shall otherwise comply with the Rules of the Supreme Court and Court of Appeals. Substantial compliance with this rule shall be sufficient.

(b) **Style of briefs.**

(1) *Briefs – Size – Paper – Type.* A pro se brief may be handwritten, typed or produced with computer or word processing equipment. A handwritten brief shall be clearly legible, shall not exceed 30 lines per page and 15 words per line with left-hand and right-hand margins of at least 1½ inches and upper and lower margins of at least 2 inches. Briefs shall be of uniform size on 8½ x 11 inch paper and firmly bound on the left hand margin by staples or other binding devices. Typed briefs shall be double-spaced, except for quoted material, which may be single-spaced and indented. Footnotes, except quotations therein, shall be double-spaced. Use of footnotes is not encouraged, and should be used sparingly. Carbon copies are not

SLIP OPINION

acceptable, but copies produced by offset printing, positive photocopy, or other dry photo duplicating process which produces a clearly legible black-on-white reproduction may be used.  Each page in the brief should be numbered sequentially with Page 1 being the first page of the argument.  The brief need not be signed by the appellant.

(2)  *Length of argument*. Unless leave of the Court is first obtained, the argument portion of a brief shall not exceed 30 double-spaced pages including the conclusion, if any.  The appellant's reply brief shall not exceed 15 double-spaced pages and shall not include any supplemental Addendum unless permitted by the Court upon motion.  Motions for an expansion of the page limit must set forth the reason or reasons for the request.  The motion must specify the number of additional pages requested.

(3) *Affidavit*.  If the pro se appellant received assistance in the preparation of the content of a brief, the brief shall also be accompanied by a notarized affidavit that the appellant has prepared it without the paid assistance of any other prison inmate.

**(c)  Contents of briefs.**

(1) *Contents*. The contents of the brief shall be in the following order:

(A) *Argument*.  The appellant shall state each issue to be argued and then set out the argument in support of that issue.  All citations of decisions of any court must state the name of the case and the volume number and page number where the case may be found.

(B) *Addendum*.  The appellant's brief shall contain an Addendum, which consists of photocopies of documents from the record.  The Addendum shall include true and legible photocopies of at least the original pleading, order from which the appeal is taken, and the notice of appeal.  The appellee may prepare a supplemental Addendum if material on which the appellant relies is not in the appellant's Addendum.  Only documents that are part of the record lodged in the appeal may be included in the Addendum.

(2) *Cover for briefs*.  On the cover of the brief there should appear the docket number and name of the case, the name of the court from which the appeal is taken, the title of the brief--Brief for Appellant, and the name of the appellant.

(3) *Insufficiency of appellant's Addendum*.  Motions to dismiss the appeal for insufficiency of the appellant's Addendum will not be recognized.  Deficiencies in the appellant's Addendum will ordinarily come to the Court's attention and be handled in one of three ways as follows:

(A) If the appellee considers the appellant's Addendum to be defective, the appellee's brief should call the deficiencies to the Court's attention and may, at the appellee's option, contain a supplemental Addendum.

(B) If the case has not yet been submitted to the Court for decision, an appellant may file a motion to supplement the Addendum and for leave to file a substituted brief. Subject to the Court's discretion, the Court may grant such a motion and allow the appellant 30 days within which to file the substituted brief. If the appellee has already filed its brief, upon the filing of appellant's substituted brief, the appellee will be afforded an opportunity to file a substituted brief within 15 days.

(C) Whether the appellee has called attention to deficiencies in the Addendum, the Court may address the question at any time. If the Court finds the Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has 30 days within which to file a substituted brief. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to file a substituted brief within fifteen days. If after the opportunity to cure the deficiencies, the appellant fails to file a complying brief within the prescribed time, the circuit court's order may be affirmed for noncompliance with the Rule.

(4) *Non-compliance.* Briefs not in substantial compliance with this Rule shall not be accepted for filing by the Clerk. When a party submits a brief on time that does not substantially comply with these Rules, the Clerk shall mark the brief "tendered," grant the party a 14-day compliance extension, and return the brief to the party for correction. If the party resubmits a compliant brief within fourteen calendar days, then the Clerk shall accept that brief for filing on the date it is received.

**(d)  Number of briefs and time for filing**.

(1) *Briefs in chief.* The appellant shall have 40 days from the date the record is lodged to file eight copies of the brief with the Clerk.

(2) *Appellee's brief.* The appellee shall have 30 days from the filing of the appellant's brief to file its brief with the Clerk and serve a copy on the appellant by mail.

(3) *Reply brief.* The appellant shall have 15 days from the date that the appellee's brief is filed to file eight copies of the reply brief.

(4) *Continuances and extensions of time.* The Clerk or a deputy clerk may extend the due-date of any brief by 7 calendar days upon oral or letter request. If such an extension is granted, no further extension shall be granted except by the Court upon a written motion showing good cause.

SLIP OPINION

**Rule 4-7 Briefs in Postconviction and <u>Certain</u> Civil Appeals Where Appellant is Incarcerated and Proceeding *Pro Se***

(a) **Applicability.** This rule shall govern *pro se* briefs filed by incarcerated persons in appeals of Rule 37<u>.1</u> postconviction orders ~~relief proceedings~~ and civil appeals <u>from the denial of relief with regard to petitions for writs of habeas corpus, declaratory judgment, mandamus, and other petitions pertaining to the appellant's conviction of a criminal offense and/or incarceration</u>. Except for the provisions contained in this rule, briefs filed by *pro se* parties shall otherwise comply with the Rules of the Supreme Court and Court of Appeals. <u>Substantial compliance with this rule shall be sufficient.</u>

(b) **Style of briefs.**

(1) *Briefs – Size – Paper – Type.* A *pro se* brief may be handwritten, typed or produced with computer or word processing equipment. A handwritten brief shall be clearly legible, shall not exceed <u>30</u>~~thirty~~ lines per page and <u>15</u> ~~fifteen~~ words per line with left-hand and right-hand margins of at least 1½ ~~one and one-half~~ inches and upper and lower margins of at least ~~two~~ 2 inches. Briefs shall be of uniform size on 8 ½" x 11" inch paper and firmly bound on the left hand margin by staples or other binding devices. ~~If staples are used, they should be covered by tape~~. Typed briefs shall be double-spaced, except for quoted material, which may be single-spaced and indented. Footnote<u>s</u> ~~lines~~, except quotations <u>therein</u>, shall be double-spaced. Use of footnotes is not encouraged, and should be used sparingly. Carbon copies are not acceptable, but copies produced by offset printing, positive photocopy, or other dry photo duplicating process which produces a clearly legible black-on-white reproduction may be used. Each page in the brief should be numbered sequentially with Page 1 being the first page of the ~~abstract~~ argument. <u>The brief need not be signed by the appellant.</u>

(2) *Length of argument.* Unless leave of the Court is first obtained, the argument portion of a brief shall not exceed 30 double-spaced pages including the conclusion, if any. The appellant's reply brief shall not exceed 15 double-spaced pages and shall not include any supplemental ~~abstract or~~ Addendum unless permitted by the Court upon motion. Motions for an expansion of the page limit must set forth the reason or reasons for the request and ~~must state that a good faith effort to comply with this Rule has been made. The motion~~ must specify the number of additional pages requested.

(3) *Affidavit.* If the *pro se* appellant received assistance in the preparation of the content of a brief, the brief shall also be accompanied by <u>a notarized</u> affidavit that the appellant has prepared it without the paid assistance of any other prison inmate.

SLIP OPINION

**(c) Contents of briefs.**

(1) *Contents*. The contents of the brief shall be in the following order:

(A) ~~*Abstract*. The abstract is a summary of the testimony of the witnesses and other statements of the judge and attorneys contained in the transcript that are important to the understanding of the issues raised in the argument portion of the brief. Pleadings and documentary evidence should not be abstracted but should be included in the Addendum. It is the duty of the appellant to abstract such parts of the transcript, but only such parts, as are material to the points to be argued in the appellant's brief. The appellant in the abstract must summarize any testimony of witnesses, discussion between the judge and any person needed for an understanding of the issues. If parts of a prior trial or proceeding are important to the understanding of an issue, those parts of the transcript of that trial or proceeding must be included in the abstract. (E.g. an appellant arguing in a Rule 37.1 appeal that his attorney failed to make an objection at trial must abstract the part of the transcript where that occurred.) The appellee may prepare a supplemental abstract if material on which the appellee relies is not in the appellant's abstract.~~

(<u>A</u>) *Argument*. The appellant shall state each issue to be argued and then set out the argument in support of that issue. ~~If an argument refers to a particular place in the record, the page number for that place in the record shall be provided.~~ All citations of decisions of any court must state the name of the case and the <u>volume number</u> ~~book~~ and page number where the case may be found. ~~Reference in the argument portion of the brief to material found in the abstract and Addendum shall be followed by a reference to the page number on which the material can be found in the brief.~~

(<u>B</u>~~C~~) *Addendum*. The appellant's brief shall contain an Addendum, which consists of photocopies of documents from the record. ~~It is the duty of the appellant to include in the~~ Addendum ~~such parts of the record, but only such parts, as are material to the points to be argued in the appellant's brief.~~ The Addendum shall include true and legible photocopies of <u>at least</u> the original pleading, order from which the appeal is taken, and the notice of appeal. ~~The Addendum shall also include any other relevant pleadings, jury instructions, documents, or exhibits essential to an understanding of the case. If parts of a prior trial or proceeding are important to the understanding of an issue, those parts of the record of that trial or proceeding must be included in the Addendum. (E.g. an appellant arguing in a Rule 37.1 appeal that his attorney allowed an improper jury instruction at trial must include the jury instruction at issue in the Addendum.)~~ The appellee may prepare a supplemental Addendum if material on which the appellee relies is not in the appellant's Addendum. Only documents that are part of the ~~trial~~ circuit court record may be included in the Addendum.

(2) *Cover for briefs.* On the cover of the brief there should appear the docket number and name of the case, the name of the court from which the appeal is taken, the title of the brief~~(e.g., "Brief for Appellant")~~, and the name of the appellant.

(3) *Insufficiency of appellant's ~~abstract or~~ Addendum.* Motions to dismiss the appeal for insufficiency of the appellant's ~~abstract or~~ Addendum will not be recognized. Deficiencies in the appellant's ~~abstract or~~ Addendum will ordinarily come to the Court's attention and be handled in one of three ways as follows:

(A) If the appellee considers the appellant's ~~abstract or~~ Addendum to be defective, the appellee's brief should call the deficiencies to the Court's attention and may, at the appellee's option, contain a supplemental ~~abstract or~~ Addendum.

(B) If the case has not yet been submitted to the Court for decision, an appellant may file a motion to supplement the ~~abstract or~~ Addendum and file a substituted brief. Subject to the Court's discretion, the Court ~~will routinely~~ <u>may</u> grant such a motion and <u>allow</u> ~~give~~ the appellant <u>30</u>~~thirty~~ days within which to file the substituted ~~abstract, Addendum, and~~ brief. If the appellee has already filed its brief, upon the filing of appellant's substituted ~~abstract, Addendum, and~~ brief, the appellee will be afforded an opportunity to ~~revise or supplement its~~ file a <u>substituted</u> brief <u>within 15 days</u>.

(C) Whether ~~or not~~ the appellee has called attention to deficiencies in the appellant's ~~abstract or~~ Addendum, the Court may address the question at any time. If the Court finds the ~~abstract or~~ Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has 30 ~~fifteen~~ days within which to file a substituted ~~abstract, Addendum, and~~ brief. ~~Mere modifications of the original brief by the appellant will not be accepted by the Clerk~~. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to ~~revise or supplement its~~ file <u>a substituted brief within 15 days</u>. If after the opportunity to cure the deficiencies, the appellant fails to file a complying ~~abstract, Addendum and~~ brief within the prescribed time, the ~~trial~~ <u>circuit</u> court's order may be affirmed for noncompliance with the Rule.

(4) *Non-compliance.* Briefs not in <u>substantial</u> compliance with this Rule shall not be accepted for filing by the Clerk. When a party submits a brief on time that <u>does not</u> substantially comply~~ies~~ with these Rules, the Clerk shall mark the brief "tendered<u>,"</u>~~,~~ grant the party a <u>14</u> ~~fourteen~~-day compliance extension, and return the brief to the party for correction. If the party resubmits a compliant brief within <u>14</u>~~fourteen~~ calendar days, then the Clerk shall accept that brief for filing on the date it is received.

**(d) Number of briefs and time for filing**.

(1) *Briefs in chief.* The appellant shall have 40 days from the date the ~~transcript~~ record is lodged to file 8 copies of the brief with the Clerk.

(2) *Appellee's brief.* The appellee shall have 30 days from the filing of the appellant's brief to file its brief with the Clerk and serve a copy on the appellant.

(3) *Reply brief.* The appellant shall have 15 days from the date that the appellee's brief is filed to file 8 copies of the reply brief.

(4) *Continuances and extensions of time.* The Clerk or a deputy clerk may extend the due date of any brief by 7~~seven (7)~~ calendar days upon oral or letter request. If such an extension is granted, no further extension shall be granted except by the Court upon a written motion showing good cause.