SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISIONS III & IV
No. CR–16–971

<table>
<tr><td>BOBBY BRIDGEMAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE</td><td><b>Opinion Delivered</b> May 17, 2017<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CR–15–606]<br><br>HONORABLE BILL PEARSON, JUDGE<br><br>AFFIRMED</td></tr>
</table>

**PHILLIP T. WHITEAKER, Judge**

Appellant Bobby Bridgeman appeals a Pope County Circuit Court denial of his pro se petition for postconviction relief pursuant to Rule 37.1 (2016) of the Arkansas Rules of Criminal Procedure. On appeal, he challenges the circumstances surrounding the entry of his guilty plea and the effectiveness of his counsel in explaining the consequences of his suspended sentence. Because his claims have no merit, we affirm.

Before we can address the specific arguments that Bridgeman raises on appeal, we must first address how our court obtained jurisdiction over appeals such as this, which have historically been decided by our supreme court. In the beginning, amendment 58 of our state constitution vested in the supreme court the power to determine the jurisdiction of the court of appeals.[1] Ark. Const. amend. 58. Likewise, amendment 80, which repealed amendment

---

[1] Amendment 58, which was approved by voters on November 7, 1978, stated, in relevant part,

58, continues to make clear that the court of appeals "shall have jurisdiction as the supreme court *shall by rule determine.*" *See Bales v. City of Fort Smith*, 2017 Ark. 161 (quoting Ark. Const. amend. 80, § 5 (emphasis added)). Pursuant to this grant of authority, our supreme court has outlined our courts' respective appellate jurisdiction in Rule 1-2 of the Rules of the Supreme Court and Court of Appeals. Under Rule 1-2, all cases appealed shall be filed in the court of appeals except for a subset of designated cases delineated in subsection (a) in which our supreme court has expressly retained jurisdiction. Under Rule 1-2(a)(8), our supreme court reserves jurisdiction over appeals "required by law to be heard in the Supreme Court." Ark. Sup. Ct. R. 1-2(a)(8).

Prior to March 2, 2017, the Arkansas Supreme Court exerted jurisdiction over all postconviction matters, as it had previously and consistently held that such appeals are "*required by law to be heard by the Supreme Court*" pursuant to Rule 1-2(a)(8). Ark. Sup. Ct. R. 1-2(a)(8) (emphasis added). *See* non life-or-death Rule 37 appeals citing Ark. Sup. Ct. R. 1-2(a)(8) as the basis for jurisdiction: *Green v. State*, 2014 Ark. 284 (per curiam) (10-year aggregate sentence); *Moore v. State*, 2014 Ark. 231 (per curiam) (29-year aggregate sentence); *Barber v. State*, 2014 Ark. 179 (per curiam) (40-year aggregate sentence); *Mathis v. State*, 2014 Ark. 148 (per curiam) (112-year aggregate sentence); *Thornton v. State*, 2014 Ark. 113 (per curiam) (45-

---

The General Assembly is hereby empowered to create and establish a Court of Appeals and divisions thereof. The Court of Appeals shall have such appellate jurisdiction as the Supreme Court *shall by rule determine*, and shall be subject to the general superintending control of the Supreme Court.

(Emphasis added.)

Effective July 1, 1979, the legislature established the court of appeals. *See* Act of Feb. 23, 1979, No. 208, 1979 Ark. Acts 467.

year aggregate sentence); *Rackley v. State*, 2014 Ark. 39 (37-year aggregate sentence); *Ellis v. State*, 2014 Ark. 24 (per curiam) (40-year aggregate sentence); *Moten v. State*, 2013 Ark. 503 (per curiam) (22-year aggregate sentence); *Williams v. State*, 2013 Ark. 375 (per curiam) (60-year aggregate sentence); *Bond v. State*, 2013 Ark. 298 (per curiam) (115-year aggregate sentence); *Golden v. State*, 2013 Ark. 144, 427 S.W.3d 11 (25-year aggregate sentence); *Charland v. State*, 2012 Ark. 246 (75-year aggregate sentence); *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727 (30-year aggregate sentence); *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55 (36-year sentence); *Keck v. State*, 2012 Ark. 145 (25-year sentence); *McLeod v. State*, 2010 Ark. 95 (per curiam) (5-year sentence); *State v. Smith*, 368 Ark. 620, 249 S.W.3d 119 (2007) (15-year sentence); *Fisher v. State*, 364 Ark. 216, 217 S.W.3d 117 (2005) (55-year aggregate sentence). To assist in the exercise of this jurisdiction, the supreme court employed, and still employs for its exclusive use,[2] an entire office to handle these types of cases.

On March 2, 2017, however, our supreme court, without effectuating a rule change and without any explication or further explanation as to why it was no longer required by law to hear such cases, summarily transferred a majority of its Rule 37 cases to this court by means

---

[2] *See* Act of Apr. 3, 2017, No. 827, 2017 Ark. Acts ___ (requesting staffing for at least four positions in the Criminal Justice Coordinator's Office.)

SLIP OPINION

of a footnote in an unsigned per curiam opinion.[3]  *See Barnes v. State*, 2017 Ark. 76, footnote 1, 511 S.W.3d 845, footnote 1 (per curiam).  Thus, we exercise jurisdiction over this appeal pursuant to the authority apparently delegated to us by virtue of this simple footnote contained in *Barnes*.

We now turn to the merits of Bridgeman's claims.  The facts are these.  Bridgeman was originally charged with residential burglary and felony theft of property.  Later, the State filed an "amended" information adding a habitual-offender allegation.[4]  Eventually, Bridgeman pled guilty to a reduced charge of breaking or entering instead of his initial charge of residential burglary.  In exchange for his plea, the State further agreed to dismiss the theft-of-property charge and to recommend a sentence of ten years in the Arkansas Department of Correction (ADC) with an additional five years suspended.[5]  The court accepted Bridgeman's

---

[3]The footnote in *Barnes* provides,

> Effective March 2, 2017, the Arkansas Court of Appeals will assume appellate jurisdiction of all appeals arising from a petitioner's allegation that the petitioner was denied effective assistance of counsel at trial or on direct appeal from a judgment of conviction except in instances when the death penalty or life imprisonment has been imposed on the petitioner. The Arkansas Court of Appeals will also assume jurisdiction of petitions for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in cases wherein the Rule required the petitioner in cases where the judgment was entered before July 1, 1989, to obtain permission from the appellate court before proceeding in the trial court with a petition under the Rule.

*Barnes v. State*, 2017 Ark. 76, n. 1, 511 S.W.3d 845, n.1 (per curiam).

[4]This "amended" information was simply titled "Information."

[5]In addition to the instant charges, Bridgeman had also been charged as a habitual offender with one count of possession of methamphetamine and one count of possession of drug paraphernalia in Johnson County.  At the same hearing, Bridgeman waived venue and pled guilty to the charge of possession of methamphetamine.  In exchange for his plea, the State agreed to drop the paraphernalia charge and recommend a six-year sentence to be run consecutively to the Pope County sentence.  The Johnson County plea was not included in his Rule 37 petition and is not part of the current appeal.

SLIP OPINION

guilty plea on the breaking-or-entering charge and sentenced him to ten years in the ADC with five years suspended. The court entered a sentencing order reflecting his conviction, but the order did not indicate that Bridgeman was being sentenced as a habitual offender.

On August 4, 2016, Bridgeman timely filed a verified Rule 37 petition with the court. In his petition, Bridgeman alleged that he had been improperly sentenced to ten years' imprisonment on a Class D felony that carried a range of only zero to six years. He claimed that the trial court sentenced him as a habitual offender, despite not having been convicted of being one. Based on those assertions, Bridgeman alleged that he was sentenced outside the appropriate sentencing range, thereby denying him his right to due process and to a fair trial, and that he received an illegal sentence. The trial court denied his petition for postconviction relief without a hearing on August 10, 2016.

On appeal, Bridgeman challenges the trial court's factual findings, argues that his attorney was ineffective for not sufficiently informing him of the sentencing consequences of his suspended sentence, and asserts that he was convicted of a crime for which he was never charged. We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002). When a plea of guilty or nolo contendere is entered, the sole issue in postconviction proceedings is whether the plea was intelligently and voluntarily entered on advice from competent counsel. *See Mancia v.*

*State*, 2015 Ark. 115, 459 S.W.3d 259. We must now turn our attention to the record of the proceedings before the trial court at the time Bridgeman entered his plea.[6]

Bridgeman appeared before the trial court on June 6, 2016, for entry of his plea. Prior to taking his plea, the trial court advised Bridgeman of the charges for which he was pleading guilty, that he was being charged as a habitual offender, that the habitual-offender designation elevated the sentencing range on his crimes, and that the range as charged was from zero to fifteen years in the ADC and/or a fine not exceeding $10,000. Bridgeman indicated that he understood the charges against him and the possible ranges of punishment for his crimes. The court then questioned Bridgeman to determine whether his plea was voluntarily, knowingly, and intelligently made. The court also inquired as to whether Bridgeman was satisfied with the services of his attorney, to which Bridgeman responded, "Yes." The court then informed Bridgeman of the State's sentencing recommendation and that his sentence would be served consecutively with his convictions arising out of Johnson County. Bridgeman acknowledged his understanding of the plea agreement as announced by the court.

In denying the petition, the court found that Bridgeman was fully aware that he was being charged as a habitual offender and that he had entered a knowing and voluntary negotiated plea of guilty to a reduced charge of breaking or entering. The court further found that Bridgeman knew at the time of his plea that his offense contained a range of punishment from zero to fifteen years' imprisonment in the ADC. The trial court determined that the

---

[6]Our review of the record is mandatory given the Supreme Court's most recent rule change relieving pro se appellants in Rule 37 cases from the abstracting requirements—the burden now falls on court of appeals' staff to review the entire record, without the benefit of assistance from the Criminal Justice Coordinator's office. *See In re Amendment to Rule 4-7 of the Rules of the Supreme Court & Court of Appeals*, 2017 Ark. 179 (per curiam).

sentencing order was entered mistakenly, and it had inadvertently failed to check the box reflecting that Bridgeman had been sentenced as a habitual offender. However, the trial court held that because the plea agreement negotiated by Bridgeman's attorney was exactly the plea agreement to which he pled guilty, counsel was not ineffective. Moreover, because Bridgeman waived his right to a jury trial when he knowingly and voluntarily entered his guilty plea, he was not denied his right to a fair trial. The court then issued an amended sentencing order nunc pro tunc correcting the habitual-offender designation.

Here, Bridgeman argues that the order denying his postconviction relief contains errors: that he was initially charged with residential burglary and theft of property and that an amended information added the habitual-offender enhancement. He further argued that he was convicted of breaking or entering, although he was never charged with that crime. His arguments fail.

First, the trial court's findings with respect to the crimes charged were not clearly erroneous. The Pope County inmate-charging-history form indicates he was charged with residential burglary and theft of property on December 17, 2015, as found by the trial court. Thus, the "information" filed on June 3, 2016, was an amended information, regardless of how it was officially designated.

Second, he does not argue that he was untimely charged, nor does he dispute that he was eventually charged by information with residential burglary, theft of property, and as a habitual offender. He does not even argue that he was unaware of the crimes for which he was charged or that he was not advised prior to the entry of his plea that the State was reducing his crimes to breaking or entering as a habitual offender in exchange for his plea of

guilty. In fact, the record reveals that the trial court advised him as to the nature of the plea agreement, and he informed the court that he was aware of the charges for which he was pleading guilty and that he was satisfied with the performance of his counsel in arranging the plea deal. Therefore, he has not properly alleged that his plea of guilty was not intelligently and voluntarily entered or that his plea was not made on the advice of competent counsel.

Bridgeman also claims that his attorney was ineffective because counsel did not sufficiently inform him of the sentencing consequences of a suspended sentence. We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) that the performance of petitioner's counsel was deficient, that is, made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) that the petitioner was prejudiced by counsel's performance. *Robinson v. State*, 2016 Ark. 211, at 4, 492 S.W.3d 77, 80. Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Tornavacca v. State*, 2012 Ark. 224, at 16, 408 S.W.3d 727, 738.

When the *Strickland* ineffectiveness test is applied to situations involving the entry of a guilty plea, the question is whether, but for counsel's unprofessional errors, there is a reasonable probability that the petitioner would not have pleaded guilty and would have insisted on going to trial. *Robinson*, 2016 Ark. 211, at 4, 492 S.W.3d at 80. In discussing the *Strickland* standard, with respect to allegations of ineffective assistance of counsel when a guilty plea has been entered, the first half of the standard requires that counsel's advice to plead guilty must fall outside the range of competence demanded of attorneys in criminal cases. *Id.*

at 4, n. 1, 492 S.W.3d at 80 n.1 (citing *Tollett v. Henderson*, 411 U.S. 258 (1973)). Therefore, on appeal from the denial of a Rule 37.1 petition following a guilty plea, there are only two issues for review—one, whether the plea of guilty was intelligently and voluntarily entered, and two, was the plea made on the advice of competent counsel. *Mancia*, 2015 Ark. 115, at 11, 459 S.W.3d at 267 (citing *Branham v. State*, 292 Ark. 355, 356, 730 S.W.2d 226, 227 (1987)).

Here, Bridgeman argues that his counsel did not adequately explain the consequences of a suspended sentence. He claims that the suspended sentence potentially exposed him to an additional fifteen-year term of imprisonment if the terms of the suspended sentence were violated. Bridgeman is incorrect in his analysis of the effect of his suspended sentence. Upon violation, the trial court could not sentence him to a term greater than the maximum allowed by law. *See* Ark. Code Ann. § 16-93-308(g)(1)(A) & (B) (Repl. 2016) (If a court revokes a suspension or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. However, any sentence to pay a fine or of imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or if applicable, § 5-4-501.) Accordingly, we cannot say that Bridgeman has met the *Strickland* standard.

Lastly, we note that Bridgeman improperly enlarges, embellishes, and changes the allegations contained in his Rule 37.1 petition in his brief on appeal. Bridgeman's assertions in his Rule 37 petition targeted only the legality and length of the sentence he received for breaking or entering as reflected in the original sentencing order that failed to include the

habitual-offender designation. His sentence was not illegal once the sentencing order was amended to correctly reflect that he pled guilty to the habitual-offender enhancement. On appeal, however, Bridgeman changes his arguments. When reviewing the trial court's ruling on a Rule 37.1 petition, the appellant is limited to the scope and nature of the arguments that he made below that were considered by the trial court in rendering its ruling. *Pedraza v. State*, 2016 Ark. 85, 485 S.W.3d 686 (per curiam). This court does not address new arguments raised for the first time on appeal, nor do we consider factual substantiation added to bolster the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam). To the extent that his arguments are raised for the first time on appeal, they fail. To the extent that his arguments were raised below, they similarly fail.

For the foregoing reasons, we affirm.

Affirmed.

GRUBER, C.J., and GLADWIN, KLAPPENBACH, VAUGHT, and BROWN, JJ., agree.

*Bobby G. Bridgeman*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.