Cite as 2023 Ark. App. 241

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-22-627

| | |
|---|---|
| CAMERON VIRGIL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 26, 2023<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-20-736]<br><br>HONORABLE H.G. FOSTER, JUDGE<br><br>DISMISSED |

**CINDY GRACE THYER, Judge**

Cameron Virgil appeals the Faulkner County Circuit Court's denial of his petition for ineffective assistance of counsel filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. We dismiss for lack of verification of his Rule 37 petition.

On January 7, 2022, after a bench trial, the Faulkner County Circuit Court found Virgil guilty of aggravated assault and kidnapping and sentenced him to consecutive sentences of 120 months' and 420 months' imprisonment in the Arkansas Department of Correction.[1] On January 20, Virgil filed a pro se letter requesting Rule 37 relief. Shortly thereafter, Virgil obtained counsel, and counsel filed an amended petition for Rule 37 relief

---

[1]Virgil filed his first notice of appeal from the sentencing order (case number CR-22-467); however, he did not timely lodge the record on appeal, and his motion to accept the transcript was denied.

without first obtaining leave from the circuit court. The circuit court denied the petition. Virgil timely filed his notice of appeal.

Virgil's appeal must be dismissed for lack of verification. Rule 37.1(c) and (d) provide the following:

> The petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the following form:

### AFFIDAVIT

> The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.
> _____
> Petitioner's signature
> Subscribed and sworn to before me the undersigned officer this ___ day of _____, 20___.
> _____
> Notary or other officer

> (d) The circuit clerk shall not accept for filing any petition that fails to comply with subsection (c) of this rule. The circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule.

Neither Virgil's pro se petition for Rule 37 relief nor the amended petition for relief under Rule 37 contains the above affidavit or any semblance of one, and neither is notarized. Likewise, Virgil's counsel's entry of appearance and motion for transcript for Rule 37 proceedings does not contain the above affidavit in substantial form, though it does contain this unnotarized "VERIFICATION" clause:

### VERIFICATION

2

I, Cameron Virgil, do hereby swear that the statement and matters contained herein are true to the best of my knowledge and belief and only for the purposes of my Rule 37 petition.

Virgil's petitions for Rule 37 relief are fundamentally flawed because they do not contain the above affidavit in substantial form, and they are not notarized. The verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *See Randle v. State*, 2016 Ark. 228, 493 S.W.3d 309; *Ransom v. State*, 2009 Ark. 215 (per curiam); *Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). We dismiss the appeal without reaching the merits.

Dismissed.

VIRDEN and HIXSON, JJ., agree.

*Eugene Clifford*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.