

SLIP OPINION

Cite as 2014 Ark. 380

# SUPREME COURT OF ARKANSAS

No. CR-13-1016

| | |
|---|---|
| | **Opinion Delivered** September 18, 2014 |
| LOUIS RICARDO BUTLER<br>**APPELLANT** | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CR-07-4949] |
| V. | |
| STATE OF ARKANSAS<br>**APPELLEE** | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | AFFIRMED. |

## PER CURIAM

In 2010, appellant Louis Ricardo Butler was found guilty of first-degree unlawful discharge of a firearm from a vehicle and sentenced as a habitual offender to life imprisonment. An additional 120 months' imprisonment was imposed for commission of a felony with a firearm. We affirmed. *Butler v. State*, 2011 Ark. 369. Subsequently, appellant's attorney filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The petition was denied on July 3, 2013. Appellant brings this appeal.

The order is affirmed on the ground that the petition was not verified in accordance with Arkansas Rule of Criminal Procedure 37.1(c). *See Slocum v. State*, 2014 Ark. 178 (per curiam); *see also Riley v. State*, 2010 Ark. 347 (per curiam) (citing *Nelson v. State*, 363 Ark. 306, 213 S.W.3d 645 (2005) (per curiam)). Rule 37.1(c) provides a form of affidavit to be attached to the petition. The verification requirement for a petition for postconviction relief is of substantive importance to prevent perjury. *Stewart v. State*, 2014 Ark. 85 (per curiam); *Paige v. State*, 2013 Ark. 135 (per curiam). For that purpose to be served, the petitioner must sign the petition and execute the

requisite affidavit or verification. *Paige*, 2013 Ark. 135; *Riley*, 2010 Ark. 347 (citing *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005) (per curiam)). In appellant's case, the Rule 37.1 petition was signed only by his attorney. We have held that counsel for a petitioner may not sign or verify a Rule 37.1 petition; the petitioner must sign the petition and verify it himself or herself in accordance with the rule. *Paige*, 2013 Ark. 135; *see also Wooten v. State*, 2010 Ark. 467, 370 S.W.3d 475.

As appellant's petition for postconviction relief did not bear his signature accompanied by the required verification, appellant did not meet the requirements of Rule 37.1(c), and it should not have been accepted for filing.[1] *Stewart*, 2014 Ark. 85. Appellant urges this court to find that verification of the petition was not required in his case because he was alleging ineffective assistance of counsel, and the allegations were based entirely on legal argument, not "facts." Appellant contends that, to require him to verify allegations of ineffective assistance of counsel, would be tantamount to requiring him to practice law without a license inasmuch as he would be rendering an opinion based in law.

We do not agree that the petition was acceptable without verification. Appellant presents no authority for the claim, and we know of none, that there is a distinction to be made with regard to the verification requirement if a particular sort of allegation is raised in the Rule 37.1 petition. Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the trial

---

[1]On January 17, 2013, appellant filed a pro se "supplement to Rule 37.1 petition," which bore his signature and was verified. The record does not reflect that he was given permission to supplement the original petition as required by Rule 37.2(e). *See Craigg v. State*, 2014 Ark. 71 (per curiam). Also, as the original petition, while timely filed, was not verified, jurisdiction of the trial court to consider a Rule 37.1 petition in the case was never established. *See Williamson v. State*, 2012 Ark. 170 (per curiam).

court or appellate court must dismiss a petition that fails to comply with the requirements of Rule 37.1(c). *Slocum*, 2014 Ark. 178; *Paige*, 2013 Ark. 135. For that reason, the trial court did not err when it denied relief, and the order is affirmed.

Affirmed.

*J. Brooks Wiggins*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.