2015 Ark. 144

**Tevin A. BRADLEY, Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–13–1122**

Supreme Court of Arkansas.

Opinion Delivered April 9, 2015

Rehearing Denied May 21, 2015

---

John Wesley Hall, Jr., and Sarah M. Pourhosseini, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Associate Justice

On May 23, 2012, a Pulaski County jury convicted appellant, Tevin A. Bradley, of capital felony murder and aggravated robbery, with a firearm enhancement on each count. Bradley was sentenced to life imprisonment without the possibility of parole for the murder, forty years for the aggravated robbery, and zero months for the enhancements. Bradley's convictions and sentences were affirmed in *Bradley v. State*, 2013 Ark. 58, 426 S.W.3d 363. We recounted the facts in Bradley's direct appeal as follows:

> Bradley's case arises from an aggravated robbery and theft of marijuana at the home of Evon Henderson where Evon Henderson was killed. On January 2, 2011, Bradley and Veeders Nelson, Bradley's co-defendant, went to Evon Henderson's home to purchase marijuana from Byron Lawrence. Lawrence was in a small room in the back of the Henderson home and testified that he had a trash bag with approximately four pounds of marijuana in it in the middle of the floor. Ed Henderson was in the room with Lawrence as the robbery occurred. Evon Henderson was in [the] kitchen, which was adjacent to the room where the robbery was transpiring. Evon Henderson shut a door that adjoined the two rooms. Nelson testified that when Evon Henderson shut the door, the door slammed, and Nelson fired a shot through the door. The bullet went through the door to the other side and hit Evon Henderson in the back as she walked away from the door. She took a few steps, collapsed and died. Nelson testified at trial and admitted to

firing the gun that shot and killed Evon Henderson. Nelson also testified that he and Bradley both fled the scene, and Bradley grabbed the bag of marijuana from the floor. They ran out and jumped in Bradley's green Pontiac and were both on the run for a period of time. Nelson testified that when they fled, Bradley waited outside the Henderson home for him. Bradley testified that when he fled the scene he was not aware that anyone had been hurt. Nelson and Bradley both evaded law enforcement for some time, spending some of the time on the run together, and some on their own. The record demonstrates that Nelson surrendered after twenty-four days on the run, and Bradley ultimately surrendered after approximately forty-seven days on the run having fled to various hotels and family members' homes. On March 1, 2011, Bradley surrendered to the local police. Nelson negotiated a plea and received a thirty-year sentence for first-degree murder for the death of Evon Henderson.

*Bradley*, 2013 Ark. 58, at 1–2, 426 S.W.3d at 365.

On May 3, 2013, Bradley filed his initial Rule 37.1 petition in Pulaski County Circuit Court, and on July 31, 2013, the State responded. On August 29, 2013, a hearing was held but no testimony was taken because both Bradley and the State filed written motions and relied upon those motions at the hearing.

On September 16, 2013, the circuit court denied Bradley's Rule 37 petition. Bradley now brings this appeal and presents two issues for review: (1) defense counsel was ineffective in failing to argue on directed verdict that the theft of contraband cannot support a theft or robbery conviction and (2) defense counsel was ineffective in failing to argue that during the guilt

phase it was a violation of Arkansas's "truth-in-sentencing" provision to not tell the jury that a conviction for capital felony murder would automatically result in a life-without-parole sentence.

Prior to reaching the merits of Bradley's appeal, we note that Bradley brings this appeal pursuant to Rule 37.1. Subsection (c) of Rule 37.1 provides as follows:

(c) The petition *shall* be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the following form:

### AFFIDAVIT

The petitioner states under oath that (he)(she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.

_____

Petitioner's signature

Subscribed and sworn to before me the undersigned officer this ___ day of _____, 20___.

_____

Notary or other officer

(d) The circuit clerk *shall* not accept for filing any petition that fails to comply with subsection (c) of this rule. The circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule.

(Emphasis added.)

Accordingly, Rule 37.1(c) requires a form of affidavit to be attached to the petition. The verification requirement for a petition for postconviction relief is of substantive importance to prevent perjury. *Butler v. State*, 2014 Ark. 380, 2014 WL 4649476 (per curiam); *Stewart v. State*, 2014 Ark. 85, 2014 WL 689043 (per curiam); *Paige v. State*, 2013 Ark. 135, 2013

WL 1281833 (per curiam). "For that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification. *Paige*, 2013 Ark. 135 [2013 WL 1281833]; *Riley* [*v. State* ], 2010 Ark. 347 [2010 WL 3720003] (citing *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005) (per curiam))." *Butler*, 2014 Ark. 380, at 1, 2014 WL 4649476.

Here, Bradley has brought an appeal of the circuit court's September 16, 2013 order denying his Rule 37 petition. However, Bradley's Rule 37.1 petition must be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of Bradley's knowledge and belief. While Bradley's signature on the petition was notarized, there was no verification that the facts stated in the petition were true, correct, and complete as required by the Rule. Accordingly, Bradley's petition was not in compliance with the Rule.

Rule 37.1(d) requires that "the circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." For that reason, we dismiss Bradley's appeal.[1]

Dismissed.

Hannah, C.J., and Danielson and Wood, JJ., dissent.

Rhonda Wood, Justice, dissenting.

I dissent because the court should address the merits of Bradley's appeal. The majority is dismissing the appeal for lack of compliance with the Rule 37 verification requirement. The court is doing this on its own initiative: neither party raised the issue to the circuit court or on appeal. Unless there is an issue as to the court's subject-matter jurisdiction, this court does not entertain issues not raised below. Because lack of verification does not impact our subject-matter jurisdiction, I dissent.

As the majority explained, Arkansas Rule of Criminal Procedure 37.1(c) (2014) requires that a "petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths." This rule further provides a form in which the affidavit should read. The rule also requires us to dismiss a petition that fails to include this affidavit: "[A]ny appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." Ark. R.Crim. P. 37.1(d). Here, Bradley has signed the petition, and the petition has been notarized. Yet the petition fails to include an affidavit, which Rule 37.1(c) requires.

"[A]bsent an issue of subject-matter jurisdiction, an appellate court will not address an issue if it was not presented to the trial court, ruled upon by the trial judge, and argued by the parties on appeal." *Edwards v. Edwards*, 2009 Ark. 580, at 8, 357 S.W.3d 445, 450. Recently, in *Brown v. State*, 2015 Ark. 7, 2015 WL 222652, Justice Danielson's concurrence detailed this court's departure in 2005 from construing the verification requirement in Rule 37 as a procedural rule to construing it as a jurisdictional rule. Since 2005, this court has repeatedly stated that, without a properly verified Rule 37 petition, the circuit court and this court

---

1. We note that the dissent states that because the issue of verification does not impact subject-matter jurisdiction, this court should reach the merits of Bradley's appeal. However, we dismiss Bradley's appeal for failure to comply with Rule 37.1(c) because the Rule requires that any appellate court *shall* dismiss any petition that fails to comply with that subsection. (Emphasis added.)

lack jurisdiction. *E.g., Branning v. State,* 2014 Ark. 256, 2014 WL 2463083 (per curiam). This is inaccurate—verification has no effect on the circuit court's or this court's subject-matter jurisdiction. We accordingly have no obligation to raise the issue sua sponte.

Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. A court lacks subject-matter jurisdiction "if it cannot hear a matter 'under any circumstances' and is 'wholly incompetent to grant the relief sought.'" *Nance v. State,* 2014 Ark. 201, at 15, 433 S.W.3d 872, 881 (quoting *J.W. Reynolds Lumber Co. v. Smackover State Bank,* 310 Ark. 342, 352–53, 836 S.W.2d 853, 858 (1992)). In the present case, Bradley seeks postconviction relief under Rule 37, and this court is competent to grant or deny him the relief requested. *E.g., State v. Harrison,* 2012 Ark. 198, 404 S.W.3d 830 (affirming the circuit court's decision to grant the petitioner a new trial based on a Rule 37 petition).

Amendment 80, section 3, to the Arkansas Constitution provides the supreme court the authority "to prescribe the rules of pleading, practice and procedure." Procedural rules are aptly defined as claim-processing rules. *See Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). "Procedural law is defined as '[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves.'" *Summerville v. Thrower,* 369 Ark. 231, 237, 253 S.W.3d 415, 420 (2007) (citing *Black's Law Dictionary* 1221 (7th ed. 1999)). Our verification rule is a mandatory step in the process of having the right to effective assistance of counsel enforced. For this reason, it is a procedural rule that has nothing to do with jurisdiction. Brad-

ley neglected to follow that mandatory procedural rule in this case when he failed to include an affidavit. However, Bradley's neglecting to follow a procedural rule does not strip the circuit court and our court of subject-matter jurisdiction. But that is exactly, and erroneously, what this court has held through a series of per curiams. *E.g., Stewart v. State,* 2014 Ark. 85, 2014 WL 689043 (per curiam); *Martin v. State,* 2012 Ark. 312, 2012 WL 3372998 (per curiam); *Williamson v. State,* 2012 Ark. 170, 2012 WL 1353171 (per curiam); *Stephenson v. State,* 2011 Ark. 506, 2011 WL 5995557 (per curiam).

We are not the only court that has temporarily defined mandatory procedural rules as jurisdictional. As Justice Ginsburg explained,

> Courts, including this Court, it is true, have been less than meticulous [in their use of the term jurisdictional]; they have more than occasionally used the term "jurisdictional" to describe emphatic time prescriptions in rules of court. "Jurisdiction," the Court has aptly observed, "is a word of many, too many meanings." Clarity would be facilitated if courts and litigants used the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.

*Kontrick,* 540 U.S. at 454–55, 124 S.Ct. 906 (citations omitted).

Admittedly, our case is different from *Kontrick.* We are a state court hearing a criminal postconviction matter, but we likewise must acknowledge if we erred in labeling our verification rule as jurisdictional in the past. As a nonjurisdictional procedural rule, Rule 37 verification is deemed waived if not raised at the appropriate time. This court has become highly

technical on this issue, and the result is that the petitioner's appeal is not considered on the merits. The State has neither raised the issue below nor has it raised the issue on appeal. *Cf. Bunch v. State,* 370 Ark. 113, 115, 257 S.W.3d 533, 534 (2007) (dismissing a Rule 37 petition *upon the State's motion* to dismiss for lack of verification). Therefore, I dissent on the basis that we should decline to dismiss the appeal and affirm on the merits. To the extent our past cases have held that Rule 37 verification is a jurisdictional requirement, we should overrule them.

Hannah, C.J., and Danielson, J., join.