

Cite as 2016 Ark. 67

# SUPREME COURT OF ARKANSAS.
### No. CV-15-874

| | |
|---|---|
| MICHAEL W. WILLIAMS<br><div align="right">APPELLANT</div><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><div align="right">APPELLEE</div> | **Opinion Delivered** February 18, 2016<br><br>APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT AND MOTION FOR APPOINTMENT OF COUNSEL [40CV-15-54]<br><br>HONORABLE JODY RAINES DENNIS, JUDGE<br><br><u>AFFIRMED; MOTION MOOT</u>. |

### PER CURIAM

In 1990, appellant Michael W. Williams was found guilty by a jury of murder in the first degree, kidnapping, and aggravated assault. He was sentenced to consecutive terms of imprisonment of life, twenty years, and six years, respectively. We affirmed. *Williams v. State*, 304 Ark. 509, 802 S.W.2d 346 (1991).

In 2015, Williams, who is incarcerated at a unit of the Arkansas Department of Correction in Lincoln County, filed a petition for a writ of habeas corpus in the Lincoln County Circuit Court.[1] The petition was dismissed, and Williams brings this appeal.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is

---

[1]As of the date of this opinion, Williams remains incarcerated in Lincoln County.

SLIP OPINION

left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Williams argued in the habeas proceeding that the judgment in his case was illegal on its face because the trial court lacked subject-matter jurisdiction to sentence him to life imprisonment for first-degree murder. As authority for the claim, he relied on our decision in *Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533.

In *Hale*, the judgment provided that Hale was sentenced to life with the possibility of parole after one-third of his sentence was served. We held that the trial court exceeded its statutory authority to impose the sentence on the ground that the sentencing statute in effect at the time Hale committed the offense did not allow for parole when the defendant was sentenced to a life term. *Hale*, 2014 Ark. 405, at 5, 443 S.W.3d at, 535.

Williams attached to his habeas petition a copy of an interoffice memorandum from the records supervisor at the unit of the Arkansas Department of Correction where he is incarcerated that listed his sentence as "life with parole." However, he also appended to

SLIP OPINION

the petition a copy of the judgment in his case that provides that he is sentenced to life imprisonment and that portion of the trial transcript wherein the court pronounced a sentence of life. Neither the judgment nor the transcript mentions parole.

First-degree murder was a Class Y felony under Arkansas Code Annotated section 5-10-102(4)(c) (1987) when Williams committed that offense. In accordance with Arkansas Code Annotated section 5-4-401(a)(1) (1987), Williams was subject at that time to a sentence of not less than ten years and not more than forty years, or life. Williams was not eligible for parole pursuant to Arkansas Code Annotated section 16-93-607(c)(1) and (d) (1987). The fact that an error was made on a document generated by the Records Supervisor did not render the judgment invalid on its face. The face of the judgment entered when Williams was convicted did not provide for parole as the judgment in *Hale* provided, and it was not illegal on its face. Accordingly, *Hale* did not apply.

With respect to Williams's assertion that the court in his case lacked subject-matter jurisdiction, subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Bradley v. State*, 2015 Ark. 144, at 6, 459 S.W.3d 302, 306. A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Id.* Williams offered no grounds on which it could be said that the trial court lacked jurisdiction to hear his criminal case.

Because the circuit court did not err when it declined to grant a writ of habeas corpus on the allegations raised by Williams, we affirm the court's order. We also find that

Williams's motion for appointment of counsel is moot because there is no merit to the appeal.

Affirmed; motion moot.

*Michael W. Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.