# SUPREME COURT OF ARKANSAS

No. CV–17–261

| | |
|---|---|
| WENDY KELLEY, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE ARKANSAS DEPARTMENT OF CORRECTION, AND THE ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLANTS<br><br>V.<br><br>STEVEN SHULTS<br><br>APPELLEE | Opinion Delivered: April 3, 2017<br><br>EMERGENCY MOTION FOR IMMEDIATE STAY<br><br><br><br>DISSENTING OPINION. |

**RHONDA K. WOOD, Associate Justice**

The circuit court, from the bench, ordered the State to disclose within thirty minutes unredacted copies of the package insert and label for the State's recently-acquired potassium chloride. The State immediately appealed and filed a motion for an emergency stay. At the time, the oral order was not issued in written form and filed by the circuit clerk. A written order has subsequently been filed; however, the State has not supplemented the record on appeal to include the written order. The majority dismisses the appeal for this reason. It maintains that our rules impose a jurisdictional requirement that a written order be filed in order for this court to consider the State's emergency request for a stay. I dissent because the proper course is to order the State to supplement the record.

This court has jurisdiction to grant stays in an expedited and extraordinary fashion under Rule 6-1 of the Rules of the Arkansas Supreme Court. Appellants have sought relief

under this rule. Rule 6-1(c) provides a necessary mechanism for applications of temporary relief such as this. The Rule requires only certified copies of the pleadings, which "are treated as the record." Ark. Sup. Ct. R. 6-1(a). At the time the motion was filed, it is undisputed by the parties that the circuit court ordered immediate relief, despite not entering a written order until the following afternoon. The State complied with the requirements of Rule 6-1.

The majority sua sponte dismisses the stay request for lack of jurisdiction, once again conflating procedural issues with jurisdictional ones. Certainly, under Arkansas Rule of Civil Procedure 58 and Administrative Order No. 2, we require circuit courts to reduce their oral pronouncement to a written form to be filed with the clerk. Yet these two rules are procedural rather than jurisdictional. Procedural law is defined as "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." *Summerville v. Thrower*, 369 Ark. 231, 237, 253 S.W.3d 415, 420 (2007). As I have noted in an earlier case, "Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject–matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Bradley v. State*, 2015 Ark. 144, at 7, 459 S.W.3d 302, 306 (Wood, J., dissenting) (citing *Kontrick v. Ryan*, 540 U.S. 443, 454–55 (2004). Because neither party objected to the lack of a filed, written order, we are under no obligation to raise the issue on our own.

I recognize that the question whether an order is *final* and subject to appeal is a jurisdictional question that this court will raise sua sponte. *Kowalski v. Rose Drugs of*

*Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432. However, what is before us today is a request for a temporary stay alone, not the merits of an appeal or a motion to dismiss the appeal. We have never addressed the final-order issue at this early stage.

The most deliberate action for us would be to order the State to supplement the record with the subsequent written order. We have authority for doing so under the rules: "If anything material to either party is omitted from the record by error or accident . . . the appellate court . . . on its own initiative, may direct that the omission nor misstatement be corrected, and if necessary, that a supplemental record be certified or transmitted." Ark. R. App. P.–Civ. 6(e). Rather than dismissing the request for a stay, we should give the State an opportunity to provide the most up-to-date record. For this reason, I dissent.

WOMACK, J., joins.