RAYMOND R. ABRAMSON, Judge
A Garland County Circuit Court jury found appellant Andrew Lee Jackson guilty of two counts of rape for having sexual intercourse with two teenaged girls while serving as their youth pastor. He was sentenced to forty years' imprisonment on each count, which the circuit court ordered to be served consecutively. We affirmed those convictions on direct appeal, Jackson v. State , 2018 Ark. App. 222, 547 S.W.3d 753, and the mandate issued on April 24, 2018. Subsequently, Jackson's attorney filed in the circuit court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The circuit court denied the petition on July 20, 2018, for failure to comply with Rule 37.1(c) of the Arkansas Rules of Criminal Procedure. Jackson now brings this appeal.
On June 20, 2018, Jackson, represented by counsel, filed in the circuit court his Rule 37 petition for postconviction relief. The petition was verified by Jackson's counsel, but not by Jackson, and included a request that he be granted leave to amend the petition.
On June 26, 2018, the State moved to dismiss Jackson's petition on the ground that he had not filed a timely verified petition. Jackson responded to the motion, asserting that the verification executed by his attorney was adequate. He also pled, in the alternative, that if the circuit court concluded that his petition was deficient, then he should be allowed leave to amend it to cure the deficiencies. The circuit court concluded that the lack of personal verification of the petition by Jackson was not a technical deficiency, and that because Jackson moved to amend his petition more than sixty days after the mandate had issued, the petition could not be amended. In its July 20, 2018 order, the circuit court specifically found: "The lack of verification from the petitioner, Andrew Jackson, leaves this court in a position where it can not even consider the petition." We agree.
Jackson's petition was not in compliance with the Rule in that it was not verified in accordance with Rule 37.1(c). Rule 37.1(c) requires that the petition be accompanied by the petitioner's affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete.
The form as it appears in the Rule is as follows:
AFFIDAVIT
The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.
_________________________
Petitioner's signature
Subscribed and sworn to before me the undersigned officer this ___ day of __________, 20___.
*460 _________________________
Notary or other officer
Ark. R. Crim. P. 37.1(c).
Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the circuit court or any appellate court must dismiss a petition that fails to comply with Rule 37.1(c). See Williamson v. State , 2012 Ark. 170, 2012 WL 1353171 (per curiam); see also Stephenson v. State , 2011 Ark. 506, 2011 WL 5995557 (per curiam).
In 2006, Rule 37.1 was amended to more clearly require that a Rule 37.1 petition be verified. Randle v. State , 2016 Ark. 228, 493 S.W.3d 309 (per curiam). Counsel for a petitioner may not sign and verify the petition; the petitioner must sign the petition, and his or her signature must be verified in accordance with the rule. Wooten v. State , 2010 Ark. 67, 370 S.W.3d 475. Jackson's petition was signed only by his attorney. It did not bear Jackson's signature and the verification required by the rule.
Our supreme court has held that the verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. See Bradley v. State , 2015 Ark. 144, 459 S.W.3d 302 ; Martin v. State , 2012 Ark. 312, 2012 WL 3372998 (per curiam); Williamson , 2012 Ark. 170 ; Tucker v. State , 2011 Ark. 543, 2011 WL 6275086 (per curiam). In short, Jackson failed to abide by the requirements of Rule 37.1(c), and pursuant to Rule 37.1(d)"the circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." See Bradley , 2015 Ark. 144, at 4, 459 S.W.3d at 305. For that reason, we dismiss Jackson's appeal.
Appeal dismissed.
Hixson, J., agrees.
Virden, J., concurs.