Cite as 2020 Ark. App. 143

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-678

| | | |
|---|---|---|
| | | **Opinion Delivered** February 26, 2020 |
| COREY TURNER | | |
| | APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-18-82] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE TOM COOPER, |
| | APPELLEE | JUDGE |
| | | |
| | | APPEAL DISMISSED |

## N. MARK KLAPPENBACH, Judge

This is an appeal from the dismissal of appellant Corey Turner's petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. On October 30, 2018, Turner entered a guilty plea to possession of methamphetamine with the purpose to deliver. In November 2018, Turner filed a petition for Rule 37 relief claiming ineffective assistance of counsel, but this petition was not verified in accordance with Rule 37.1(c). Turner filed numerous other motions and petitions with the circuit court following the November 2018 petition. The circuit court entered an order in May 2019 dismissing Turner's November 2018 petition due to procedural errors and dismissing as moot "all subsequent pleadings and documents related hereto[.]" Turner filed a notice of appeal from the circuit court's denial of postconviction relief. For the following reasons, we dismiss.

In Turner's November 2018 petition for postconviction relief, Turner alleged that his public defender was ineffective for numerous reasons, including counsel's alleged failure to investigate the weakness and inconsistencies of the State's allegations, failure to investigate

the lack of crime-laboratory reports, and failure to investigate problems with the confidential informant's veracity. Turner further alleged that his counsel was ill and confused in the courtroom and that his counsel allowed the prosecutor to intimidate and rush him into agreeing to a guilty plea.[1] This petition included a notary seal and "Certificate of service" stating that the petition was mailed to the circuit clerk. This petition lacked, however, the affidavit required by Ark. R. Crim. P. 37.1(c), which states:

> (c) The petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the following form:
>
> AFFIDAVIT
>
> The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.
>
> _____
> Petitioner's signature
>
> Subscribed and sworn to before me the undersigned officer this ___ day of _____, 20___.
>
> _____
> Notary or other officer

---

[1]On appeal from the denial of a Rule 37 petition following a plea of guilty, there are only two issues for review: (1) whether the plea of guilty was intelligently and voluntarily entered, and (2) whether the plea was made on the advice of competent counsel. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. An appellant who has pleaded guilty normally will have considerable difficulty in proving any prejudice as the plea rests upon an admission in open court that the appellant did the act charged. *Id*. Direct challenges such as prosecutorial misconduct are not cognizable in Rule 37.1 proceedings. *Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194. Additionally, a plea of guilty that is induced by the possibility of a more severe sentence does not amount to coercion. *Id*.; *see also Davis v. State*, 2018 Ark. App. 540, 564 S.W.3d 283 (holding that as a general rule, a challenge to the validity of an arrest or claims of other constitutional deprivation that occur prior to the entry of a guilty plea are not pertinent in appellate review of an attack on a guilty plea).

The circuit court entered an order in May 2019 that rejected Turner's petition due, in part, to Turner's failure to abide by the requirements of Rule 37.1(c). The circuit court dismissed Turner's petition and dismissed as moot Turner's "pleadings and documents" filed after his November petition but before entry of the circuit court's order.[2] This appeal followed. We hold that the circuit court correctly dismissed Turner's November 2018 petition for failure to abide by Rule 37.1(c)'s requirements, and we must also dismiss the appeal under the same rationale. *See Jackson v. State*, 2019 Ark. App. 104, 572 S.W.3d 458.

The verification requirement for a petition for postconviction relief is of substantive importance to prevent perjury. *Butler v. State*, 2014 Ark. 380. For that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification. *Bradley v. State*, 2015 Ark. 144, 459 S.W.3d 302; *Jackson*, *supra*. The affidavit is required to be in substantially the form noted in Rule 37.1, and the petitioner is required to attest that the facts stated in the petition are true, correct, and complete to the best of the petitioner's knowledge and belief. *See Bradley*, *supra*. While Turner's signature on the petition was notarized, there was no verification that the facts stated in the petition were true, correct, and complete as required by the Rule 37.1. Accordingly, Turner's petition was not in

---

[2]Following his initial November 2018 petition, Turner filed a multitude of documents (petitions, motions, memoranda, etc.) and at least one amended petition for postconviction relief that included a compliant Rule 37.1(c) affidavit. Turner did not, however, seek leave to file an amended petition in accordance with Ark. R. Crim. P. 37.2(e), which provides that "[b]efore the court acts upon a petition filed under this rule, the petition may be amended with leave of the court." Turner did not ask for such permission before the circuit court ruled on the November 2018 petition, so the circuit court consequently did not grant leave to file an amended petition. Turner later requested leave to file an amended petition, but this request was made *after* the order on appeal was issued.

compliance with subsection (c), and Rule 37.1(d) requires that "the circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule."

Appeal dismissed.

GRUBER, C.J., and VIRDEN, J., agree.

*Corey Turner*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.