Cite as 2020 Ark. App. 271

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-596

| | |
|---|---|
| MACARTHUR EANS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** April 29, 2020<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-17-248]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

MacArthur Eans appeals the circuit court's dismissal of his petition for postconviction relief, specifically its finding that his petition was untimely. We find no error and dismiss the appeal.

On 15 November 2018, Eans pled guilty to first-degree murder and was sentenced to 330 months' imprisonment. On 25 January 2019, Eans filed a pro se "Petition for Declaratory/Injunctive Relief; Petition for Writ of Mandamus; Motion for Evidentiary Hearing, Etc." In this petition, Eans alleged that his guilty plea was "induced, misguided, [and] misinformed" and that his sentence was illegally enhanced. On 15 March 2019, Eans filed a "Motion to Amend Petition Under Ark. Rule 37.1" and alleged that his guilty plea had not been knowingly and intelligently made because his counsel had coerced him into pleading guilty and because he did not understand the terms of the plea agreement. He also

argued that his counsel had been ineffective by failing to move to suppress his statement to the police and failing to advise him of all his available trial defenses.

On 16 April 2019, the circuit court entered an order denying Eans's petition for relief. In that order, the court found that Eans's file did not contain a Rule 37 petition prior to 15 March 2019 and that it would treat the petition filed on that day as a petition for postconviction relief. The court found that the petition was not filed within ninety days as required by Rule 37.2 and dismissed the petition with prejudice. Eans filed a timely notice of appeal from this order.

We will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874. To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, the defendant must demonstrate prejudice. *Jones v. State*, 355 Ark. 316, 136 S.W.3d 774 (2003). The appropriate standard to demonstrate prejudice is whether, but for counsel's errors, there is a reasonable probability that the defendant would not have entered a guilty plea and thereby waived his right to a trial. *Id.*

2

Under Ark. R. Crim. P. 37.2(c)(i), Eans's petition had to be filed within ninety days of the entry of judgment, which was 13 February 2019. His March 15 petition to amend was not filed within that time period; so the issue on appeal is whether the circuit court erred in not treating his January 25 petition as a petition for postconviction relief under Rule 37. Eans argues that although the January 25 petition was not styled as a Rule 37 petition, it was a request for relief and should have been treated as a petition for postconviction relief under Rule 37. He also notes that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The State acknowledges that a petition for postconviction relief mounting a collateral attack on a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to our postconviction rule. *Barnes v. State*, 2017 Ark. 76, 511 S.W.3d 845 (per curiam). And the State agrees that Eans's January 25 petition raised grounds cognizable under Rule 37, as he alleged that his plea was "induced, misguided, [and] misinformed." But the State also argues that if a petitioner files a petition for postconviction relief raising claims of ineffective assistance of counsel, which are allegations for relief from a judgment under Rule 37.1, the petitioner is obligated to comply with the substantive requirement of Rule 37.1(c). *Id.* Rule 37.1(c) requires that the petition be accompanied by a form affidavit provided in the rule and sworn before a notary or other officer authorized by law to administer oaths.

Our supreme court has held that the verification requirement for postconviction petitions is of substantive importance to prevent perjury. *Bradley v. State*, 2015 Ark. 144,

3

459 S.W.3d 302. "For that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification." *Butler v. State*, 2014 Ark. 380, at 1 (per curiam). Even though Eans's petition was signed and notarized, he failed to satisfy Rule 37.1(c)'s verification requirement. According to Rule 37.1(d), "the circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." Therefore, the State argues, the circuit court properly dismissed Eans's petition.

We agree that Eans's January 25 petition should have been treated as a petition for postconviction relief under Rule 37, so the circuit court erred in stating that "[t]he file does not contain a Rule 37 petition prior to March 15, 2019." But we also hold that the January 25 petition was not properly verified and was therefore subject to dismissal on that basis. *See, e.g., Ransom v. State*, 2009 Ark. 215 (per curiam) (appellant's failure to verify the Rule 37 petition precluded the circuit court from considering the petition). Eans's second petition was not filed within the ninety-day time limit of Rule 37.2(c). This means the circuit court lacked jurisdiction to grant the relief requested. When the circuit court lacks jurisdiction to consider a petition, this court, in turn, lacks jurisdiction to consider the appellant's claims. *Williamson v. State*, 2012 Ark. 170 (per curiam).

Appeal dismissed.

VIRDEN and VAUGHT, JJ., agree.

*MacArthur Eans*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

4