Cite as 2024 Ark. App. 71

# ARKANSAS COURT OF APPEALS

EN BANC
No. CR-23-698

| | | |
|---|---|---|
| | | Opinion Delivered January 31, 2024 |
| DEWAYNE VAN TILMON | | APPEAL FROM THE GARLAND |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 26CR-19-701] |
| V. | | |
| | | HONORABLE MARCIA R. |
| | | HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | DISSENTING OPINION ON MOTION |
| | | TO FILE BELATED BRIEF |

## KENNETH S. HIXSON, Judge

"Ignorance of the law" constitutes "good cause" under Arkansas Supreme Court Rule 4-4(h)(1), which provides that the due date of a brief may be extended "by the Court upon a written motion showing good cause"; or so says the majority of this court.  I respectfully disagree.

## I. *History*

The appellant, an incarcerated person, was convicted of a felony in Garland County Circuit Court.  The appellant appealed his conviction to the Arkansas Court of Appeals, and the conviction was affirmed.  The appellant filed a timely pro se petition pursuant to Arkansas Rule of Criminal Procedure 37 (Rule 37 petition) in the circuit court and alleged that he was denied effective representation of counsel.  The circuit court held a hearing and subsequently denied the Rule 37 petition.  The appellant timely filed a notice of appeal from the denial of his Rule 37 petition to the Arkansas Court of Appeals.  The appellant's brief was due on November

29, 2023, and the appellant received a one-week extension, making his brief due on December 6, 2023. For purposes of this dissent, we presume that the brief was, in fact, deposited into the prison mailing system on December 6, 2023.[1] The brief was received by the clerk of this court on December 11, 2023, which was five days past the due date, rendering the brief "untimely." Because the brief was untimely, the Criminal Justice Coordinator for the Arkansas Supreme Court wrote the appellant a letter and advised the appellant that if he wished to pursue the appeal, he should file a motion to file a belated brief. The appellant filed a motion for belated brief on December 28, 2023. The court of appeals granted the motion and extended the time for appellant to file his brief. It is the disposition of this motion for belated brief that is the subject matter of this dissent.

In the appellant's motion for belated brief, he argued that "appellant was under the impression that Ark. R. App. P. (Crim.) Rule 2(b)(3) [sic] concerning the mailbox rule not only applied but was the proper method of a timely filed brief." The appellant further explained that he believed his brief was timely filed because it was notarized and deposited into the prison mail system on the due date, December 6, 2023. The appellant made no additional arguments. While I appreciate appellant's argument that the "prison mailbox rule" is the proper method to file a timely brief, I disagree.

The "prison mailbox rule" has its origins in *Houston v. Lack*, 487 U.S. 266 (1988). In *Houston*, the U.S. Supreme Court was interpreting the federal rule regarding the timely filing of

---

[1]While there is no independent proof that the brief was deposited on December 6, 2023, the appellant states in his motion that "the brief was deposited into the prison mailing system on December 6, 2023, notarized and stated under penalty of perjury[.]"

a notice of appeal. The *Houston* Court rightfully noted that federally incarcerated appellants do not have the same access to legal services and mail services as appellants not incarcerated and held that a notice of appeal under the federal rule was timely filed if placed in the prison mailbox within the prescribed time. After this 1988 *Houston* opinion, several courts around the country have discussed whether the prison mailbox rule applies exclusively to notices of appeal or whether the prison mailbox rule applies to other mailings by incarcerated defendants. The jurisdictions have split.

Twenty-seven years later, on September 1, 2015, Arkansas adopted its version of the prison mailbox rule. There are two separate applications for the prison mailbox rule in Arkansas: (1) the application of the mailbox rule for the filing of Rule 37 petitions to the *circuit court*; and (2) the application of the mailbox rule for the filing of a notice of appeal to the *Arkansas Court of Appeals or the Arkansas Supreme Court*. The rules generally mirror each other.

Arkansas Rule of Criminal Procedure 37.2(g) is the Arkansas prison mailbox rule for Rule 37 petitions filed in the circuit court. Generally, it provides that "a [Rule 37] petition filed pro se by a person confined to a correctional or detention facility . . . shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied: . . . [confinement, pro se, first-class postage, notarized, etc.]."

Arkansas Rule of Appellate Procedure–Criminal 2(b)(3) is the rule for appeals to the Arkansas Court of Appeals and the Supreme Court. Rule 2.(b)(3) generally provides: "If a person confined in a correctional or detention facility files *a pro se notice of appeal* . . . from a circuit court judgment denying postconviction relief under Arkansas Rule of Criminal

Procedure 37 . . . it shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied: . . . [confinement, pro se, first-class postage, notarized, etc.]." (Emphasis added.)

These two rules are jurisdictional and are interpreted accordingly. A circuit court does not have jurisdiction over a Rule 37 petition unless the petition is timely filed. An appellate court does not have jurisdiction over a Rule 37 appeal unless the notice of appeal is timely filed. The two rules essentially mirror each other, and neither rule extended the prison mailbox rule beyond the jurisdictional filing requirements. In drafting the two rules, we can only presume the Arkansas Supreme Court was cognizant that some courts around the country had extended the prison mailbox rule beyond the jurisdictional filings to other mailings. However, it is clear in reviewing the unambiguous language of the two Arkansas rules that the Arkansas Supreme Court did not extend the application of the prison mailbox rule to mailings other than those jurisdictional filings provided in Arkansas Rule of Criminal Procedure 37.2(g) or Arkansas Rule of Appellate Procedure–Criminal 2(b)(3).

Returning to appellant's argument that his brief was timely because he deposited the brief in the prison mail system on the due date, December 6, 2023, the appellant is simply incorrect. Arkansas Rule of Appellate Procedure–Criminal 2(b)(3) applies only to the timely filing of notices of appeal and not to timely filing of appellate briefs. Therefore, when the appellant's brief was received at the clerk's office on December 11, 2023, it was five days late and untimely.

That does not end our discussion; but it could. The appellant did not argue any other authority to excuse the untimely filing of his brief. Our appellate courts have held ad nauseum

4

that this court will not perform the research or develop arguments for appellants. *See Cullen v. State*, 2023 Ark. 172, 678 S.W.3d 20; *Jenkins v. State*, 2019 Ark. App. 419, 582 S.W.3d 32; *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006); *Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004). We could stop at that point and end the discussion and deny the motion. However, for the sake of argument and clarity, we note that the proper appellate rule to determine whether a brief filed in a civil appeal is timely filed is Arkansas Supreme Court Rule 4-4(h)(1), which provides the following in pertinent part:

> (1) The Clerk or a deputy clerk may extend the due date of any brief by seven (7) calendar days upon oral or electronically filed request. The party requesting a Clerk's extension must confirm the extension by sending a letter, by electronic filing, immediately to the Clerk or the deputy clerk with a copy to all counsel of record and any pro se party. If such an extension is granted, no further extension shall be granted except by the Clerk for compliance with these Rules as provided in Rule 4-2(c) *or by the Court upon a written motion showing good cause.*

(Emphasis added.)

So, giving the incarcerated appellant the benefit of the doubt, the narrow question presented in this motion is whether the appellant has shown "good cause" for the extension of the due date. What is the appellant's "good cause?" The appellant clearly states his cause in his petition: "appellant was under the impression that Ark. R. App. P. (Crim.) Rule 2(b)(3) concerning the mailbox rule not only applied but was the proper method of a timely filed brief." Unfortunately, the appellant's impression that Arkansas Rule of Appellate Procedure–Criminal 2(b)(3) applies to briefs is incorrect. That begs the question: Is ignorance of the law "good cause?"

It is important to recall that the appellant "mailed" his brief *on the due date*. Again, we have held ad nauseum that this court holds unrepresented appellants to the same standard as

5

represented appellants. All litigants, including those who proceed pro se, must bear responsibility for conforming to the rules or demonstrating good cause for not doing so. *Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986); *see also Ross v. State*, 2011 Ark. 270, at 2; *Smith v. State*, 2011 Ark. 367; *Wright v. State*, 2010 Ark. 474, at 2; *Walker v. State*, 283 Ark. 339, 340, 676 S.W.2d 460, 461 (1984). Further, our appellate courts have repeatedly held that "ignorance alone" or "a lack of knowledge of the rules in itself" does not excuse an appellant of his responsibility to conform to the rules. *Garner v. State*, 293 Ark. 309, 310, 737 S.W.2d 637, 638 (1987); *Walker*, *supra*; *see also Smith*, *supra*; *Ross*, *supra*. In fact, the supreme court has specifically stated that "if merely declaring ignorance of the rules of procedure were enough to excuse lack of compliance, it would be just as well to have no rules since an appellant could simply bypass the rules by claiming a lack of knowledge." *Garner*, 293 Ark. at 310, 737 S.W.2d at 638.

Where does that leave us? Does the appellant's misunderstanding of the prison mailbox rule constitute good cause for extending the due date for a brief under Arkansas Rule of Appellate Procedure–Criminal 2(b)(3)? Or, stated differently is "ignorance of the law" good cause? I believe that the answer is no. If we answer yes to that question, we start a journey down a slippery slope that cannot be restrained. In the future, which "ignorance of the law" argument will we determine to be "good cause," and which "ignorance of the law" argument will not be "good cause." Until the supreme court removes the qualifier "good" from "good cause" in Arkansas Supreme Court Rule 4-4(h)(1), it is our charge to interpret the rule as written. Thus, I would deny appellant's motion for belated brief and must respectfully dissent.

KLAPPENBACH, GRUBER, THYER, and WOOD, JJ., join in this dissent.

6