Cite as 2025 Ark. App. 88

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-698

| | |
|---|---|
| | **Opinion Delivered** February 12, 2025 |
| DEWAYNE VAN TILMON<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-19-701] |
| V. | |
| | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | DISMISSED |

## KENNETH S. HIXSON, Judge

Appellant Dewayne Van Tilmon filed his pro se appeal after the Garland County Circuit Court entered an order denying his amended petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1.[1] Appellant argues on appeal that the circuit court erred in denying his amended petition for postconviction relief because (1) his trial counsel was ineffective for failing to properly move for a directed verdict; (2) his trial counsel was ineffective for failing to impeach the victim and witnesses with inconsistent statements; (3) his trial counsel was ineffective for failing to adequately prepare for trial; (4) his trial counsel was ineffective for failing to investigate a *Brady* violation; (5) his trial counsel was ineffective for failing to investigate his mental state; (6) his trial counsel was ineffective

---

[1] This court granted appellant's motion to file his belated appeal on January 31, 2024. *Van Tilmon v. State*, 2024 Ark. App. 71.

for failing to object to prosecutorial misconduct; (7) his trial counsel was ineffective for failing to investigate the facts of the case and the State's witnesses; (8) his trial counsel was ineffective for failing to request a rape-shield hearing; (9) his trial counsel was ineffective for failing to request a continuance; (10) his trial counsel was ineffective for failing to investigate and introduce mitigating evidence; (11) his trial counsel was ineffective for failing to advise him of possible defenses and his right to testify; (12) the trial court abused its discretion by not allowing him to "petition" for documents and subpoena trial witnesses for his postconviction proceedings; and (13) there was insufficient evidence to convict him of rape. We dismiss appellant's appeal for lack of jurisdiction.

Appellant was convicted by a Garland County Circuit Court jury of two counts of rape. The charges arose from his acts involving his girlfriend's daughter, Minor Child 1 (MC1). MC1 told her mother that appellant had been raping her, and MC1's counselor reported it to the child-abuse hotline. After an investigation, appellant was arrested. He was sentenced to serve a total of 1,200 months' imprisonment as a habitual offender in the Arkansas Division of Correction. He appealed his conviction, and we affirmed. *Tilmon v. State*, 2022 Ark. App. 291, 646 S.W.3d 286. The mandate issued July 1, 2022.

Appellant timely filed his initial petition for postconviction relief on August 29, 2022. After first receiving permission from the circuit court, appellant filed an amended petition for postconviction relief on December 27, 2022. The circuit court held an evidentiary hearing on May 23, 2023. At the beginning of the hearing, appellant clarified that he wished to proceed regarding the allegations he made in his amended petition for postconviction

2

relief filed on December 27, 2022. The circuit court filed an order denying appellant's amended petition for postconviction relief on June 28, 2023, after addressing the merits. However, because the amended petition was not verified, it should have been dismissed under Rule 37.1(d) for lack of jurisdiction. *Moytoy v. State*, 2021 Ark. App. 170.

The December 27, 2022, amended petition now before us was not in compliance with Rule 37.1 since it was not verified in accordance with Rule 37.1(c). Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit court reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c). *See Branning v. State*, 2014 Ark. 256.

Here, there was no verification that the facts stated in the amended petition were true, correct, and complete as required by the Rule. The verification requirement for a petition for postconviction relief is of substantive importance to prevent perjury. *Bradley v. State*, 2015 Ark. 144, 459 S.W.3d 302. For that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification. *Id.* A circuit court lacks jurisdiction to consider arguments raised in an unverified amended petition. *Moytoy*, *supra*. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.* Accordingly, we must dismiss this appeal.

Dismissed.

BARRETT and MURPHY, JJ., agree.

*Dewayne Van Tilmon*, pro se appellant

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.