Cite as 2025 Ark. App. 422

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-651

| | | |
|---|---|---|
| SUNIL KUMAR | | Opinion Delivered September 10, 2025 |
| | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-16-379] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE L. WREN AUTREY, JUDGE |
| | APPELLEE | |
| | | DISMISSED |

## MIKE MURPHY, Judge

Appellant Sunil Kumar filed his pro se appeal after the Miller County Circuit Court entered an order denying his amended petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. On appeal, Kumar argues that his sentence length is disproportionate to the crime he committed and that he is entitled to 545 days of jail-time credit. We dismiss.

On June 25, 2018, Kumar announced ready for trial on charges of possession of cocaine, Xanax, and marijuana. He was also charged with reckless driving with a habitual-offender sentencing enhancement. Voir dire was completed, and a jury was seated. During recess, the court was informed that the parties had reached a plea agreement; Kumar was to enter his plea the following day, and he was released on bond. Kumar did not return the following day, so a trial was held in absentia. Kumar was convicted of felony possession of

cocaine, misdemeanor possession of Xanax, misdemeanor possession of marijuana, and misdemeanor reckless driving. The jury recommended a thirty-year sentence, but judgment was not officially entered because Kumar had disappeared.

In 2021 Kumar was detained on charges in Louisiana. After resolving legal issues in Louisiana and then Texas, Kumar was transported to Arkansas. On February 7, 2023, judgment was entered from the 2018 trial in Miller County, and Kumar was officially sentenced. Kumar appealed, and this court affirmed in *Kumar v. State*, 2024 Ark. App. 153. The mandate issued in that appeal on April 15, 2024.

Thereafter, on April 29, 2024, Kumar filed a verified petition for postconviction relief alleging ineffective assistance of counsel. He also asserted it was erroneous for the trial to have proceeded in his absence. On May 6, 2024, Kumar filed an unverified amended petition for postconviction relief. This unverified amended petition did not reference the original petition and instead more fully developed his allegation concerning error with the trial proceeding in his absence.

On July 1, 2024, the court entered an order granting Kumar leave to amend his petition. In the same order, the court considered the amended petition. The order was clear that it was considering only the amended petition. The circuit court stated that Kumar made no statement or offer of any evidence to indicate that his absence was anything other than voluntary, and pursuant to Arkansas Code Annotated section 16-89-103 (Repl. 2005), because the trial had already commenced, the circuit court had correctly exercised its discretion to allow the trial to progress to verdict.

From this order, Kumar appeals. We must, however, dismiss Kumar's appeal because the petition that the circuit court considered and ruled on was the unverified amended petition. Because the amended petition was not verified, it should have been dismissed under Rule 37.1(d) for lack of jurisdiction. *Van Tilmon v. State*, 2025 Ark. App. 88, at 3.

Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit court reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c). *See Branning v. State*, 2014 Ark. 256.

Here, there was no verification that the facts stated in the amended petition were true, correct, and complete as required by the Rule. The verification requirement for a petition for postconviction relief is of substantive importance to prevent perjury. *Bradley v. State*, 2015 Ark. 144, 459 S.W.3d 302. For that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification. *Id.* A circuit court lacks jurisdiction to consider arguments raised in an unverified amended petition. *Id.* When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.* Accordingly, we dismiss this appeal.

Dismissed.

GLADWIN and THYER, JJ., agree.

*Sunil Abeku Kumar*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.